CARVER, Senior Judge:
A special court-martial composed of officer members convicted the appellant, contrary to his pleas, of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The appellant was sentenced to a bad-conduct discharge and confinement for 91 days. The convening authority approved the sentence as adjudged.
The appellant alleges, in a summary assignment of error, that the evidence was factually and legally insufficient to sustain a conviction. See Appellant’s Brief of 19 Dec 2003. Subsequent to that pleading, the ap *549 pellant raised the additional issue of whether documentary evidence offered at trial violated his Sixth Amendment right to confront witnesses against him. See Appellant’s Motion to File Supplemental Assignment of Error of 21 Jun 2004, granted on 29 Jul 2004. We will discuss the assignments of error in reverse order.
We have carefully considered the record of trial, the appellant’s assignments of error, and the Government’s response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).
Confrontation Clause
Personnel Records of Unauthorized Absence
We first examine whether personnel records supporting the allegation of unauthorized absence were admissible under the Sixth Amendment. We hold that the records are admissible.
The appellant commenced a period of unauthorized absence in 1993, returning to military control more than 7 years later. The prosecution’s case-in-chief consisted of a series of service record entries and other communications documenting the appellant’s absence. The only witnesses were two individuals from the Personnel Support Activity Detachment (PSD), who laid the foundation for those documents. No one from the appellant’s unit in 1993 testified to any firsthand knowledge of the circumstances surrounding the absence.
The appellant objected to these documents for several reasons, including hearsay.[1] Record at 302; see Military Rules of Evidence 801, 803, and 804, Manual for Courts-Martial, United States (2000 ed.). This resulted in a lengthy hearing under Article 39(a), UCMJ, and a detailed ruling by the military judge. Record at 362-65. The military judge concluded that the documents were admissible under the business and public record exceptions to the hearsay rule. Mil. R. Evid. 803(6) and 803(8). There can be very little question that, at the time of the appellant’s trial in 2001, this ruling reflected longstanding military practice. See United States v. Demings, 47 C.M.R. 732, 733, 1973 WL 14826 (C.M.A.1973) (citing United States v. Masusock, 1 C.M.R. 32, 1951 WL 1504 (C.M.A.1951) and United States v. Wilson, 15 C.M.R. 3, 1954 WL 2241 (C.M.A.1954)); United States v. Roe, 15 M.J. 818, 822 (N.M.C.M.R.1983).
While this appeal was pending, however, the U.S. Supreme Court issued its decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), significantly altering the landscape of hearsay exceptions and the Confrontation Clause. Prior to Crawford, hearsay evidence with sufficient indicia of reliability or falling within a firmly rooted hearsay exception did not trigger a Confrontation Clause analysis. See Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Crawford changed the focus of inquiry from the challenged statement’s reliability to whether that statement is testimonial in ñatee. 541 U.S. at 54, 124 S.Ct. 1354. Testimonial statements trigger the full protections of the Confrontation Clause, regardless of traditional hearsay exceptions or reliability. Id. at 60, 124 S.Ct. 1354. Non-testimonial statements remain subject to the less stringent requirements of Ohio v. Roberts, as regulated by the evidentiary rules in a given jurisdiction. Crawford, 541 U.S. at 66, 124 S.Ct. 1354.
The Supreme Court did not fashion a comprehensive definition of “testimonial statements” in Crawford, but it did provide three categories of statements that would qualify as testimonial. Id. at 69, 124 S.Ct. 1354. First, “testimonial statements” embrace any ex parte in-court testimony or its functional equivalent. Id. at 51, 124 S.Ct. 1354. This includes affidavits, custodial examinations, prior testimony without the opportunity for cross-examination, or other pretrial statements that the declarant would *550 reasonably expect to be used in a prosecution. Id. Second, testimonial statements can be extrajudicial statements contained in “formalized testimonial materials,” such as affidavits, depositions, or confessions. Id. at 51-52, 124 S.Ct. 1354. Third, and more generally, testimonial statements can be those “made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.” Id. at 52, 124 S.Ct. 1354. It is this third category upon which the appellant now relies.[1]
The specific documents at issue in this case include an enlistment contract, a letter sent to the appellant’s next of kin advising of his deserter status, several “Page 6” entries at the beginning and end of the appellant’s unauthorized absence, an electronic mail “return deserter” message, and a DD Form 553 arrest warrant. Prosecution Exhibits 1, 5-8, 10-11. Witnesses from PSD testified that these documents all appeared to have been prepared in accordance with service regulations, with no obvious irregularities or omissions. Record at 400, 528.
We hold that service record entries in this case documenting the appellant’s period of unauthorized absence are not testimonial statements for purposes of the Confrontation Clause. First, none of the documents offered and admitted at the appellant’s trial were prepared by law enforcement or any prosecutorial agency; rather, they are routine personnel documents that chronicle the relevant dates, times, and locations of the appellant’s whereabouts. Cf. Crawford, 541 U.S. at 40, 124 S.Ct. 1354 (addressing a hearsay statement from the defendant’s wife to police during her own pretrial interrogation). Second, although the documents in question are frequently used in court-martial proceedings, that is not the primary purpose of these documents. Testimony at trial by the personnel clerks established that these documents serve a variety of administrative functions, including the proper calculation of pay, adjustment of the member’s term of obligated service, and proper handling of the member’s official records. Cf. Wilson, 15 C.M.R. at 5 (describing numerous uses of “morning reports”). Third, the information contained in these documents is largely objective in nature: dates, times, places, and identifying data. To the extent those documents delved into the appellant’s motives for leaving his unit or other narrative accounts, the military judge sustained the appellant’s objections or required those portions of the documents to be redacted.[2] Record at 367. We find this situation to be qualitatively different from that in Crawford.
Numerous State and Federal decisions support this view. Two state trial courts held that autopsy reports were non-testimonial. See Perkins v. State, 897 So.2d 457, 462-65 (Ala.Crim.App.2004); Denoso v. State, 156 S.W.3d 166, 182 (Tex.App.2005). At least two federal circuits have held immigration or deportation documents to be non-testimonial. See United States v. Lopez-Moreno, 420 F.3d 420 (5th Cir.2005); United States v. Bahena-Cardenas, 411 F.3d 1067, 1075 (9th Cir.2005). Other jurisdictions have held laboratory results to be non-testimonial. See State v. Dedman, 136 N.M. 561, 102 P.3d 628 (2004)(holding blood alcohol report to be non-testimonial); Commonwealth v. Verde, 444 Mass. 279, 827 N.E.2d 701, 705-06 (2005); State v. Cunningham, 903 So.2d *551 1110, 1120 (La.2005); People v. Johnson, 121 Cal.App.4th 1409, 18 Cal.Rptr.3d 230, 231-33 (2004)(holding that chemical analysis report was non-testimonial); People v. Rogers, 8 A.D.3d 888, 780 N.Y.S.2d 393, 396-98 (N.Y.App.Div.2004)(holding that blood test report prepared by private laboratory in anticipation of litigation was not admissible as business report); Napier v. State, 820 N.E.2d 144, 149 (Ind.Ct.App.2005)(holding that breath testing equipment inspection certification was testimonial). The evidence admitted in the appellant’s court-martial is clearly no more testimonial in nature than autopsy or chemical analysis reports, and bears little resemblance to the examples of testimonial evidence set forth by the Supreme Court in Crawford.
The appellant points to specific language in the applicable service regulations cautioning personnel clerks and local commands to be accurate and timely with the processing of these documents, lest a mistake delay or hinder a subsequent prosecution. See Naval Military Personnel Manual, Art. 1600-060 (Ch-4, 12 Aug 2003). We do not think this language makes a service record entry a testimonial statement for purposes of the Confrontation Clause. To the contrary, such a precaution would be equally appropriate for regulations involving the processing of travel claims, issuance of military identification cards, or entitlement to dependents’ benefits. These documents are frequently used at court-martial proceedings for false claim (Article 132, UCMJ), false official statement (Article 107, UCMJ), or larceny (Article 121, UCMJ). We decline to classify every record-keeping function as a prosecutorial act simply because the documents generated thereby may become evidence.
Because we conclude that this evidence was non-testimonial, we then move to the second step in the Confrontation Clause analysis, applying Ohio v. Roberts. See United States v. Honken, 378 F.Supp.2d 928 (N.D.Iowa 2004). There is little question that the public record and business record exceptions are “firmly rooted” in hearsay jurisprudence, and that the records at issue here bear sufficient indicia of reliability to justify their admission. See Demings, 47 C.M.R. at 733; Roe, 15 M.J. at 822. The fact that some of these records may have been based upon law enforcement information does not automatically imply a prosecutorial purpose. See generally United States v. Koontz, 143 F.3d 408, 412 (8th Cir.1998); Johnson v. Renico, 314 F.Supp.2d 700, 707 (E.D.Mich.2004)(holding that booking records were properly admitted under the business records exception); but see State v. McKinney, 2004-Ohio-5518 (Ohio Ct.App.2004) (holding that a stolen vehicle report was not testimonial but inadmissible under the business records exception).
Finally, we must not forget that our superior court has squarely addressed, and endorsed, the propriety of a “paper case” in unauthorized absence prosecutions. See Wilson, 15 C.M.R. at 5; but cf. United States v. Taylor, 61 M.J. 157, 160-61 (C.A.A.F.2005)(holding on non-constitutional grounds that certain documents offered in unauthorized absence prosecution were inadmissible hearsay). The U.S. Supreme Court has long recognized the unique nature of the military society, and the impracticality of some civilian rights in the military context. See Goldman v. Weinberger, 475 U.S. 503, 507, 106 S.Ct. 1310, 89 L.Ed.2d 478 (1986). This court has also recognized that the transient nature of personnel in uniform can create Confrontation Clause issues not common to our civilian counterparts. See United States v. Shabazz, 52 M.J. 585 (N.M.Ct.Crim.App.1999)(holding videoteleconference testimony by witness outside court’s subpoena jurisdiction was not a per se constitutional violation). Absent specific guidance from the U.S. Court of Appeals for the Armed Forces (CAAF) or the Supreme Court that Crawford has abrogated the longstanding military precedent in this arena, we decline to grant the appellant relief. See also Taylor, 61 M.J. at 162 (declining to address Crawford application where case was resolved on non-constitutional grounds).
Evidentiary Ruling
Although not specifically addressed by counsel, we feel compelled to comment further on the application of the Military Rules of Evidence in this case, particularly in light of the Taylor decision, which was issued *552 after the filing of briefs in this case. We review a military judge’s ruling on evidentia-ry matters for an abuse of discretion. United States v. McDonald, 59 M.J. 426, 430 (C.A.A.F.2004). Under Mil. R. Evid. 803(8), a standard personnel accountability document such as a morning report is admissible, even if the document records a matter observed by law enforcement personnel. Taylor, 61 M.J. at 159. Matters of fact in reports may be admitted pursuant to this rule, but not matters of opinion. United States v. Broadnax, 23 M.J. 389, 393 (C.M.A.1987).
In Taylor, the CAAF held two exhibits in an unauthorized absence case to be inadmissible under Mil. R. Evid. 803(8). One exhibit was a declaration of deserter message; however, the exhibit included extraneous and indecipherable information. 61 M.J. at 159. Because the document was obviously not prepared in accordance with service regulations, the Mil. R. Evid. 803(8) exception to the hearsay prohibition was inapplicable. Id. at 160. In addition, the exhibit was not properly certified as a true copy. Id. The second exhibit was a return deserter message, but was based upon a DD Form 553 arrest warrant. The CAAF held that the foundation for the underlying document was insufficient to remove a layer of hearsay for the return deserter message. Id. at 161. Notably, the CAAF did not question the longstanding practice, or the corresponding legal precedent, allowing the admission of routine personnel documents with the proper foundation.
We find Taylor distinguishable from the present case for several reasons. First, in Taylor the standard Page 6 entries were inexplicably omitted from the prosecution’s case-in-chief. In this case, the Page 6 entries, with foundation by the PSD representative who prepared the most recent entry, were offered by the prosecution. Second, the testimony in this ease established that the documents offered did comply with applicable service regulations to meet the requirements of Mil. R. Evid. 803(8). Third, the documents in this case appear to have been properly certified as true copies. Fourth, the foundation laid for the return deserter message and DD Form 553 arrest warrant is more detailed than that in Taylor, including corroborating information received by the PSD representative from the local staff judge advocate’s office. The PSD representative testified that the arrest warrant should have been generated by the same person responsible for the Page 6 entries at the appellant’s last command, and that the original document would have been forwarded to the Navy’s Bureau of Personnel.[3] The same witness testified in considerable detail regarding the respective roles of the local command, PSD, the Navy Absentee Collection Unit, and the Bureau of Personnel. Fifth, the portion of the DD Form 553 arguably delving into the area of opinion in the “Remarks” section was redacted by the pretrial ruling of the military judge. What remains is objective, factually verifiable information that falls within the exception of Mil. R. Evid. 803(8).
The CAAF’s concerns about the quality of documentation and corresponding foundation in Taylor are well taken, and of course, binding on this court. See United States v. Allbery, 44 M.J. 226, 227-28 (C.A.A.F.1996). However, we do not find that the same evi-dentiary deficiencies noted in Taylor are present in the appellant’s case.
Sufficiency of the Evidence
In a summary assignment of error, the appellant contends that the evidence was legally and factually insufficient to support the conviction of unauthorized absence. We disagree. The test for legal sufficiency is whether, considering the evidence in the light most favorable to the Government, any rational trier of fact could have found the elements of the crime beyond a reasonable *553 doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); United States v. Turner, 25 M.J. 324, 325 (C.M.A.1987); United States v. Reed, 51 M.J. 559, 561-62 (N.M.Ct.Crim.App.1999), aff'd, 54 M.J. 37 (C.A.A.F.2000); see also Art. 66(c), UCMJ. The test for factual sufficiency is whether, after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses as did the trial court, this court is convinced of the appellant’s guilt beyond a reasonable doubt. Turner, 25 M.J. at 325; see Art. 66(c), UCMJ. Reasonable doubt, however, does not mean the evidence must be free from conflict. See United States v. Lips, 22 M.J. 679, 684 (A.F.C.M.R.1986).
In light of our disposition of the Confrontation Clause and evidentiary issues, the documentary evidence submitted at trial is legally sufficient to sustain a conviction for unauthorized absence, as our superior court has held for more than a half-century. See Demings, 47 C.M.R. at 733; Wilson, 15 C.M.R. at 4.
Turning to factual sufficiency, we are convinced beyond a reasonable doubt that the appellant committed the offense of unauthorized absence. The testimony of the personnel clerks at trial laid a proper foundation for the documentary evidence, with every indication that those documents were properly prepared. The length of the appellant’s absence makes it highly unlikely that his actions were inadvertent or as a result of any mistake or disability. The information contained in the documents entered into evidence satisfies every element of the offense. We find that this unrebutted evidence is both legally and factually sufficient to sustain the finding of guilty to the charge of unauthorized absence. See United States v. Sturwold, 12 M.J. 931 (N.M.C.M.R.1982).
Conclusion
Accordingly, the findings of guilty and sentence, as approved by the convening authority, are affirmed.
Senior Judge WAGNER and Judge FELTHAM concur.

. The appellant has not renewed his other objections to these documents on appeal, and we find no error on those bases.

. Nearly every jurisdiction addressing Crawford, including five of six federal circuit courts of appeals, has held it to be a prospective, not retroactive, decision. See Murillo v. Frank, 402 F.3d 786 (7th Cir.2005); Dorchy v. Jones, 398 F.3d 783 (6th Cir.2005); Mungo v. Duncan, 393 F.3d 327 (2d Cir.2004), cert. denied -U.S.-, 125 S.Ct. 1936, 161 L.Ed.2d 778 (2005); Brown v. Uphoff, 381 F.3d 1219 (10th Cir.2004); Evans v. Luebbers, 371 F.3d 438 (8th Cir.2004), cert. denied, 543 U.S. 1067, 125 S.Ct. 902, 160 L.Ed.2d 800 (2005); but see Bockting v. Bayer, 399 F.3d 1010 (9th Cir.2005), amended by 408 F.3d 1127 (9th Cir.2005). Although we believe our own superior court would follow the majority view on this issue, we leave the question of retroactive application for another day because it does not change our ultimate conclusion, and because the appellant’s conviction is not yet final. See Art. 73, UCMJ, 10 U.S.C. § 873. The Supreme Court specifically listed business records as an example of a non-testimonial statement. Id. at 56, 124 S.Ct. 1354.

. Prosecution Exhibits 2 and 3, Page 13 entries regarding the appellant's unauthorized absence, garnered considerable discussion in the appellant’s supplemental brief but were never received into evidence. Record at 365, 366.

. The Taylor opinion implies, based upon the poorly developed record in that case, that the DD Form 553 is prepared by personnel in a law enforcement capacity. The testimony at the appellant’s trial suggests that this document is instead generated by command administrative staff in connection with the other personnel documents. See also Bahena-Cardenas, 411 F.3d at 1075 (holding that deportation warrant has none of the features of the subjective report made by a law enforcement official in an on-the-scene investigation, which investigative reports lack sufficient guarantees of trustworthiness because they are made in an adversarial setting and likely to be used in litigation).