# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

## UNITED STATES OF AMERICA

v.

## XAVIER E. RAMIREZ-EMPUNO
### SERGEANT (E-5), U.S. MARINE CORPS

### NMCCA 201300190
### GENERAL COURT-MARTIAL

**Sentence Adjudged**: 18 January 2013.
**Military Judge**: Col Paul Starita, USMCR.
**Convening Authority**: Commanding General, Marine Corps Recruit Depot/Eastern Recruiting Region, Parris Island, SC.
**Staff Judge Advocate's Recommendation**: Maj R.G. Palmer, USMC.
**For Appellant**: C. Ed Massey, Esq.; LT Jared Hernandez, JAGC, USN.
**For Appellee**: CDR James E. Carsten, JAGC, USN.

### 27 March 2014

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

The appellant entered mixed pleas at a trial by general court-martial with officer and enlisted members. Pursuant to his pleas, the military judge found the appellant guilty of three specifications of disobeying a lawful general order, assault consummated by a battery, adultery, and obstruction of justice, in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928 and 934. The members

convicted the appellant, contrary to his pleas, of aggravated sexual assault and aggravated sexual contact, in violation of Article 120, UCMJ, 10 U.S.C. § 920. The adjudged sentence included eight years of confinement, reduction to pay grade E-1, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged. As an act of clemency, the CA waived automatic forfeitures until the appellant's end of active obligated service (approximately four months from the date of the action), provided the appellant established and maintained a dependent's allotment in the total amount of the waived forfeitures.

The appellant has submitted one assignment of error, alleging that the findings for the two Article 120 offenses were legally and factually insufficient. We have examined the record of trial, the appellant's assignment of error, and the pleadings. We conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

The contested charges in this case arose out of an incident that occurred while the appellant, a Marine Corps recruiter, was assigned as a driver in support of the public affairs mission during Fleet Week 2012 in New York City. One of the Marines the appellant was driving was Sergeant (Sgt) LS, who was in New York on temporary assignment to cover the event. The appellant had numerous interactions with Sgt LS over the course of several days, both professional and personal. The personal interactions occurred after duty hours when the appellant socialized with Sgt LS and her team.

During Fleet Week the appellant made several sexual advances toward Sgt LS, despite the fact that he knew that she was married. Although some of Sgt LS's interactions with the appellant were mutually flirtatious, she consistently rebuked his sexual advances, repeatedly telling him "I can't do this." Record at 538, 557-58, 560. Sgt LS first used those words when the appellant tried to kiss her on an elevator leaving a night club. She used them again on the night of the incident that forms the basis for the charges in this case.

On Sgt LS's last night in New York, the appellant called her hotel room after midnight and told her that he wanted to come over to see her. Sgt LS told him no and indicated that she

2

would not open the door for him.  Undaunted, the appellant drove to Sgt LS's hotel and presented himself at her door.  When she opened the door, the appellant pushed her against the wall and began kissing her.  Sgt LS, who admitted to finding the appellant sexually attractive, dropped what she was holding and momentarily kissed him back.  She then pulled away from the appellant, telling him "I can't do this."  *Id*. at 557.  Sgt LS then walked away, only to have the appellant follow her and kiss her again.  Sgt LS once more responded by initially kissing him back, and then pulling away, telling the appellant "No.  I can't do this."  *Id*. at 558.  After she turned away from the second kiss, the appellant quickly unfastened her pants, forced them down, pushed Sgt LS onto a bed, and began performing oral sex on her.  Sgt LS responded by telling the appellant "You have to stop.  I can't do this."  *Id*. at 560.  After Sgt LS got off the bed, and pulled her pants up, the appellant then pulled her towards him, stuck his hands down her pants, and digitally penetrated her.

## Legal and Factual Sufficiency

The appellant argues that because Sgt LS consensually kissed him moments before the sexual assault, the Government failed to prove beyond a reasonable doubt that the appellant did not have an honest and reasonable belief that Sgt LS consented to the oral sex and digital penetration.  He also avers that the Government failed to prove beyond a reasonable doubt that the victim did not, in fact, consent to those acts.  We disagree.

In accordance with Article 66(c), UCMJ, this court reviews issues of legal and factual sufficiency *de novo*.  *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).  The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt."  *United States v. Dobson*, 63 M.J. 1, 21 (C.A.A.F. 2006) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  When testing for legal sufficiency, this court must draw every reasonable inference from the record in favor of the prosecution.  *United States v. McGinty,* 38 M.J. 131, 132 (C.M.A. 1993); *United States v. Blocker,* 32 M.J. 281, 284 (C.M.A. 1991).  The test for factual sufficiency "is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of [this court] are themselves convinced of the accused's guilt beyond a reasonable doubt."  *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).  Reasonable doubt, however, does not mean the

evidence must be free from conflict. *United States v. Rankin*, 63 M.J. 552, 557 (N.M.Ct.Crim.App. 2006), *aff'd*, 64 M.J. 348 (C.A.A.F. 2007). Specific intent may be established by circumstantial evidence. *United States v. Davis*, 49 M.J. 79, 83 (C.A.A.F. 1998).

In this case, any belief that the appellant held that Sgt LS consented to oral sex or digital penetration was unreasonable. The fact that she opened her door when he appeared at her hotel uninvited, and then briefly returned his kisses, does not provide a reasonable basis for him to believe that she consented to his sudden and aggressive acts of oral sex and digital penetration. That is especially true in light of her having repeatedly broken off the kissing, and telling him "I can't do this." Record at 538, 557-58, 560.

After carefully reviewing the record of trial and considering the evidence in the light most favorable to the prosecution, we are persuaded that a reasonable fact-finder, in this case a panel of members, could indeed have found all the essential elements beyond a reasonable doubt. *See Dobson*, 63 M.J. at 21. Furthermore, after weighing all the evidence in the record of trial and having made allowances for not having personally observed the witnesses, we are convinced beyond a reasonable doubt of the appellant's guilt. *See Turner*, 25 M.J. at 325.

**Conclusion**

The findings and sentence as approved by the convening authority are affirmed.


For the Court



R.H. TROIDL
Clerk of Court

4