# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**RUSSELL L. FENDER**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201300334**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 2 May 2013.
**Military Judge:** CDR John Maksym, JAGC, USN.
**Convening Authority:** Commanding General, 3d Marine Logistics Group, Okinawa, Japan.
**Staff Judge Advocate's Recommendation:** Maj P.D. Sanchez, USMC.
**For Appellant:** Capt David Peters, USMC.
**For Appellee:** Maj Crista Kraics, USMC.

**29 May 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

The appellant entered mixed pleas at trial by general court-martial with enlisted members. Pursuant to his pleas, the military judge found the appellant guilty of one specification of violating a lawful general order (fraternization), in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The members then convicted the appellant,

contrary to his pleas, of one specification of maltreatment, one specification of making a false official statement, and one specification of indecent exposure, in violation of Articles 93, 107, and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 907, and 920. The members sentenced the appellant to one year of confinement, reduction to pay grade E-1, forfeiture of all pay and allowances, and a bad-conduct-discharge. The convening authority (CA) approved the sentence as adjudged, and except for the punitive discharge, ordered the sentence executed.

The appellant raises two assignments of error. First, he claims that his conviction for making a false official statement is legally and factually insufficient because the appellant's allegedly false statement was immaterial to the Naval Criminal Investigative Service (NCIS) inquiry and could not have resulted in any material gain.[1] Second, he claims that his right to due process was violated because the record of trial reflects that the military judge erroneously instructed the members on the maximum punishment. We disagree. After carefully considering the record of trial and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## False Official Statement

The appellant, a 32-year-old sergeant, was interviewed by NCIS about his relationship with a junior female lance corporal in his unit. At one point in the interview, the NCIS agent asked the appellant whether he had ever flirted with the lance corporal. The question was asked because a few days prior, she told her Company First Sergeant that the appellant said, "if [I] wasn't a Sergeant [I] would chase [you] around like all the other males except not just to f***."[2] The lance corporal's brother, also a Marine lance corporal, was present when the appellant made this comment and, at trial, corroborated that the appellant used the word "f***."

The appellant repeatedly denied using the word "f***" during his interview with NCIS. The appellant told the NCIS

---

[1] Appellant's Brief and Assignment of Error of 18 Nov 2013 at 1.

[2] Record at 667.

2

agent that he once told her she was cute and that "if I wasn't a Sergeant, I would try to talk to her."[3]

Prior to deliberations on findings, the military judge instructed the members on the elements of Article 107 and specifically explained the term "intent to deceive." The military judge did not provide, and the trial defense counsel did not request, an instruction to the members on whether they needed to consider the appellant's "expectation of material gain"[4] to prove or disprove intent.

The appellant argues that his conviction for making a false official statement is factually and legally insufficient because "there is no evidence [the appellant] had an expectation of material gain[5] by falsely denying the use of the word 'f***'"[6] during his interview with NCIS. We find no merit to this claim.

We review questions of legal and factual sufficiency *de novo*. *United States v. Winckelmann*, 70 M.J. 403, 406 (C.A.A.F. 2011). We review the legal sufficiency of the evidence by determining "whether, considering the evidence in the light most favorable to the prosecution, any reasonable fact-finder could have found all the essential elements beyond a reasonable doubt." *United States v. Day*, 66 M.J. 172, 173-74 (C.A.A.F. 2008) (citing *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). We also review the factual sufficiency of the members' findings. The test for factual sufficiency is whether "after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses as did the trial court, this court is convinced of the accused's guilt beyond a reasonable doubt." *United States v. Rankin*, 63 M.J. 552, 557 (N.M.Ct.Crim.App. 2006) (citing *Turner*, 25 M.J. at 325 and Art. 66(c), UCMJ), *aff'd*, 64 M.J. 348 (C.A.A.F. 2007). Reasonable doubt, however, does not mean the evidence must be free from conflict. *Id.*

The appellant relies on the explanatory material set forth in Part IV of the Manual for Courts-Martial dealing with Article

---

[3] PE 10, CD of 8 May 2012 NCIS Interview.

[4] MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV ¶ 31c(4).

[5] The MCM, Part IV ¶ 31c(4) states: "Material gain: The expectation of material gain is not an element of this offense. Such expectation, or lack of it, is circumstantial evidence bearing on the element of intent to deceive."

[6] Appellant's Brief at 6.

107 to argue that the evidence was insufficient to prove his intent to deceive. Specifically, paragraph 31c(4) advises that the [appellant's] expectation or lack of expectation that he will gain something from his false representations is circumstantial evidence that bears on his intent to deceive. The appellant contends that because he had nothing to gain by lying to NCIS, the Government's evidence was insufficient to convict him of the Article 107 offense. We are not persuaded by this argument. By minimizing the offensive nature of his comments, the appellant could have reasonably hoped to reduce the nature or extent of punishment he might receive.

After carefully reviewing the record of trial and considering the evidence in the light most favorable to the prosecution, we are persuaded that a reasonable fact-finder, in this case a panel of members, could indeed have found all the essential elements beyond a reasonable doubt. *See United States v. Dobson*, 63 M.J. 1, 21 (C.A.A.F. 2006). Furthermore, after weighing all the evidence in the record of trial and having made allowances for not having personally observed the witnesses, we are convinced beyond a reasonable doubt of the appellant's guilt. *See Turner*, 25 M.J. at 325.

### Maximum Sentence Instruction

Prior to issuing sentencing instructions, the military judge, the appellant, and the Government agreed that the maximum punishment included nine years' confinement, reduction to pay grade E-1, a fine, total forfeitures, and a dishonorable discharge. However, the record of trial transcript reflects that the military judge instructed the members that the maximum amount of confinement was ninety years.[7] After the appellant's submission of error, the appellee moved to attach a Certificate of Correction[8] prepared by the military judge. We granted the appellee's Motion to Attach and are confident that the members were properly instructed on the maximum sentence and that the appellant's due process rights were not violated.

---

[7] Record of Trial at 921.

[8] Certificate of Correction, dated 5 December 2013 adds the following language to the verbatim record of trial: "Page 921 on line 21 it reads, 'to be confined for 90 years,' which should be corrected to read, 'to be confined for 9 years.'"

## Conclusion

Accordingly, the findings and the sentence, as approved by the CA, are affirmed.

For the Court


R.H. TROIDL
Clerk of Court