# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, R.Q. WARD, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**SPENCER J. RUSSO**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201300324**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 9 April 2013.
**Military Judge**: LtCol Leon Francis, USMC.
**Convening Authority**: Commanding General, 3d Marine Aircraft Wing, Marine Corps Air Station Miramar, CA.
**Staff Judge Advocate's Recommendation**: LtCol K.C. Harris, USMC.
**For Appellant**: LT Carrie Theis, JAGC, USN.
**For Appellee**: Maj Paul M. Ervasti, USMC; Maj Crista Kraics, USMC.

**18 November 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

Contrary to his pleas, members at a general court-martial convicted the appellant of aggravated sexual contact with a child under twelve years in violation of Article 120(g), Uniform Code of Military Justice, 10 U.S.C. § 920 (2006). The convening authority (CA) approved the adjudged sentence of six months'

confinement and a dishonorable discharge and except for the discharge ordered it executed.

On appeal, the appellant raises three assignments of error; first, that the military judge erred in excluding evidence under MILITARY RULE OF EVIDENCE 412, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.);[1] second, that the evidence is legally and factually insufficient; and third, that his court-martial was prejudicially impacted by unlawful command influence (UCI). After carefully considering the record of trial and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

In 2010, the appellant and his roommates hosted a cookout for another Marine who was about to separate from active duty. At that party was Gunnery Sergeant GP, along with her nine-year-old twin daughters, L.C. and A.C. Other guests at the party also brought their children who all played together while the adults socialized.

Later that evening the appellant started a movie in the living room for the children while the adults continued to socialize in the kitchen. In the living room were two couches. Three of the children, including L.C., sat on one while A.C. lay on the other beneath a blanket. After the movie started, the appellant came over and sat down on the couch next to A.C.. He then pulled the blanket partly over himself, reached over and placed his hand on her knee. He slid his hand up her thigh, underneath her clothing, and touched her vagina. A few moments later[2] A.C. got up off the couch and went over to the kitchen, where she stood next to her mother until they left a short while later. At the time A.C. said nothing of what happened.

Approximately two years later, an incident at school led to A.C. disclosing the above encounter with the appellant. After

---

[1] Having reviewed the parties' submissions, the relevant portions of the record and the military judge's evidentiary ruling (Appellate Exhibit XLI), we find no abuse of discretion and therefore do not address this assigned error further. *United States v. Clifton*, 35 M.J. 79, 81 (C.M.A. 1992).

[2] At first A.C. estimated that the touching lasted approximately two to three minutes. Record at 834. However, she later admitted that it could have been as little as 10 to 15 seconds although it seemed much longer. *Id*. at 875.

her disclosure, agents from the Naval Criminal Investigative Service (NCIS) initiated an investigation to include a forensic interview during which A.C. recounted the events at the party in 2010. When NCIS agents interrogated the appellant, he initially denied any inappropriate touching. He recalled sitting down on the floor next to A.C. with his arm resting on the couch. He acknowledged that his arm may have brushed against her leg, but denied any further contact. After repeated questioning, however, he eventually admitted to the touching.[3]

## Legal and Factual Sufficiency

In his second assignment of error, the appellant asserts that the guilty findings are both legally and factually insufficient. We review questions of legal and factual sufficiency *de novo*. *United States v. Winckelmann*, 70 M.J. 403, 406 (C.A.A.F. 2011). We review the legal sufficiency of the evidence by determining "whether, considering the evidence in the light most favorable to the prosecution, any reasonable fact-finder could have found all the essential elements beyond a reasonable doubt." *United States v. Day*, 66 M.J. 172, 173-74 (C.A.A.F. 2008) (citing *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). The test for factual sufficiency is whether "after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses as did the trial court, this court is convinced of the appellant's guilt beyond a reasonable doubt." *United States v. Rankin*, 63 M.J. 552, 557 (N.M.Ct.Crim.App. 2006), *aff'd*, 64 M.J. 348 (C.A.A.F. 2007) (citations omitted).

Viewed in a light most favorable to the prosecution, A.C.'s statements during the forensic interview and at trial,[4] the appellant's admissions during his interrogation and in his handwritten statement, and the remaining evidence in the record lead us to conclude that a rational trier of fact could have

---

[3] The appellant acknowledged that "[w]hat I recall ok, is her being under the blanket, my hand under there, what I remember is her having black leggings on. I was massaging her leg for roughly fifteen seconds and at some point in time, my pinky did touch her vagina and then I stopped." Prosecution Exhibit 3; AE XLVII at 74. In a written statement that followed the interrogation, the appellant wrote that "[a]t one point my hand was on her knee. I started moving my hand along her leg. At one point I realized my hand was to (sic) far up her leg. I noticed I touched her privates. I immediately stopped and bent my arm to take my hand off of her." PE 4 at 1-2.

[4] The members viewed a video recording of the forensic interview. Record at 1167; PE 13.

found all essential elements of the offense proven beyond a reasonable doubt. Furthermore, even recognizing that we did not personally observe the witnesses, we ourselves are convinced of the appellant's guilt beyond a reasonable doubt.

## Unlawful Command Influence

In his final assignment of error, the appellant contends for the first time on appeal that various panel members' exposure to the Commandant of the Marine Corps' (CMC) "Heritage Brief" together with the military judge's instruction to the panel on CMC White Letter 3-12 "impermissibly exacerbated the unlawful command influence already permeating [the appellant's] court-martial."[5] Appellant's Brief of 10 Jan 2014 at 9. We disagree.

When raised on appeal, the appellant carries the initial burden of showing "some evidence" of (1) facts that, if true, constitute UCI; (2) that the proceedings were unfair; and (3) that the UCI was the cause of the unfairness. *United States v. Salyer*, 72 M.J. 415, 423 (C.A.A.F. 2013) (citing *United States v. Richter,* 51 M.J. 213, 224 (C.A.A.F. 1999)) (additional citation omitted). Although this initial threshold may be low, it requires more than "mere allegation or speculation." *Id.* (citing *United States v. Stoneman*, 57 M.J. 35, 41 (C.A.A.F. 2002).

In his appeal, the appellant focuses on the appearance of UCI. Appellant's Brief at 19. The test for the appearance of UCI is objective. "We focus upon the perception of fairness in the military justice system as viewed through the eyes of a reasonable member of the public." *United States v. Lewis*, 63 M.J. 405, 415 (C.A.A.F. 2006). An appearance of UCI arises "where an objective, disinterested observer, fully informed of all the facts and circumstances, would harbor a significant doubt about the fairness of the proceeding." *Id.* We review allegations of UCI *de novo*. *United States v. Harvey*, 64 M.J. 13, 19 (C.A.A.F. 2006).

Assuming *arguendo* that the appellant sufficiently raised the issue, we conclude beyond a reasonable doubt that any appearance of UCI was sufficiently ameliorated. Without objection, the military judge *sua sponte* instructed the members on CMC White Letter 3-12 during general *voir dire* and addressed

---

[5] For a more thorough description of the Heritage Brief and CMC White Letter 3-12, see *United States v. Howell*, No. 201200264, 2014 CCA LEXIS 321, unpublished op. (N.M.Ct.Crim.App. 22 May 2014).

the issue in depth with the panel.  Record at 534-35; 552-56; AE XLII.  All members disavowed any influence or pressure resulting from the CMC's remarks and further acknowledged that they would only decide the case based on the evidence and law as instructed by the military judge.  Record at 553-56.  Nothing in our review of the record of trial indicates otherwise.  After reviewing the entire record, we conclude beyond a reasonable doubt that, assuming the issue was appropriately raised, any appearance of unlawful influence "had no prejudicial impact on the [appellant's] court-martial."  *United States v. Douglas*, 68 M.J. 349, 354 (C.A.A.F. 2010) (citing *United States v. Biagase*, 50 M.J. 143, 150-51 (C.A.A.F. 1999)).

## Conclusion

The findings and the sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

5