# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, M.C. HOLIFIELD, A.Y. MARKS**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**JAMES R. RICH**
**AVIATION STRUCTURAL MECHANIC SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201400420**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 31 July 2014.
**Military Judge**: CDR Michael J. Luken, JAGC, USN.
**Convening Authority**: Commander, Navy Region Mid-Atlantic, Norfolk, VA.
**Staff Judge Advocate's Recommendation**: CDR S.J. Gawronski, JAGC, USN.
**For Appellant**: LT Doug Ottenwess, JAGC, USN; LT Jessica Ford, JAGC, USN.
**For Appellee**: Maj Suzanne M. Dempsey, USMC; LCDR Keith Lofland, JAGC, USN.

**29 December 2015**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

An officer and enlisted panel, sitting as a general court-martial, convicted the appellant, contrary to his pleas, of one specification each of aggravated sexual abuse of a child, aggravated sexual contact with a child, and indecent liberty with a child in violation of Article 120, Uniform Code of

Military Justice, 10 U.S.C. § 920 (2008).[1] Following findings, the military judge conditionally dismissed the sexual contact and indecent liberties specifications as an unreasonable multiplication of charges. The members sentenced the appellant to seven years' confinement and a dishonorable discharge. The convening authority approved the sentence but waived automatic forfeitures.

The appellant now alleges:

(1) He was deprived of a panel of fair and impartial members because one of the members was not honest during *voir dire*;

(2) The military judge abused his discretion by admitting out-of-court statements of the child victim to her mother under hearsay exceptions; and,

(3) The evidence was legally and factually insufficient to sustain his conviction.[2]

We disagree and affirm the findings and the sentence.

### Background

In January 2012, the appellant was living with his girlfriend, MD, in Virginia Beach, Virginia. MD had a three-year-old daughter, AD, from a previous marriage who lived part-time with MD in Virginia. MD was, at this time, working and going to school. On some occasions, the appellant would pick AD up from preschool and watch her until MD returned home. The appellant and MD were happy in their relationship and talking about marriage.

One evening, MD was home alone with AD, preparing herself and her daughter for a shower. AD said, "Guess what, I kissed Guy's private parts." Guy was a nickname AD used for the appellant. MD, trying to remain light and upbeat, responded, "No you didn't." AD said that she did. MD puckered her closed lips and kissed her hand, asking her daughter, "Well, did you kiss it like this?" AD told her mother, "No, Mommy, I did it

---

[1] As the offenses allegedly occurred in 2010, the version of Article 120, UCMJ in effect from 1 October 2007 through 27 June 2012 applies.

[2] The appellant personally raised these assignments of error under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

like this," and AD opened her mouth and moved her head up and down.[3]

MD continued through AD's pre-bedtime routine, occasionally asking additional questions.  AD stated that the incident took place in a chair in the living room while her mother was not home.  AD described the appellant placing his hands on the back of her head during the incident.  MD asked her daughter "What was he like down there?  Was he hairy?"  AD responded "No, Mommy, he was like you."  MD testified that both she and the appellant shaved their pubic regions.[4]  The next day, MD reported the incident to local authorities.

**Analysis**

*Impartiality of Members*

The appellant first claims that his right to a fair and impartial members panel was violated because one of the members was not honest during *voir dire*.  Specifically, LT K indicated in *voir dire* that he would be able to follow the military judge's instructions to consider all matters presented in extenuation and mitigation and that he would not have a fixed, inelastic, or inflexible attitude concerning a particular type of punishment.

During presentencing, the appellant presented good military character evidence, both testimonial and documentary.  The military judge then instructed the members that "all the evidence you have heard in this case is relevant on the subject of sentencing."[5]  This, he explained, included evidence of good military character.

During *voir dire* for a subsequent, unrelated court-martial, LT K was asked if he would consider the accused's entire career when determining an appropriate sentence.  He responded in the negative.  He then explained that while he could consider the entire career if the military judge ordered him to, in a previous trial (the appellant's), he found the good military character evidence presented irrelevant and instead based the sentence on the crime.

---

[3] Record at 690.

[4] *Id.* at 692.

[5] *Id.* at 1062.

Whether this post-trial statement indicates that LT K was dishonest during *voir dire* is questionable.  But in any event, it is not competent evidence for our consideration.  MILITARY RULE OF EVIDENCE 606(b)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), provides that during an inquiry into the validity of a finding or sentence, a member may not testify or provide an affidavit about his "mental processes concerning the finding or sentence."  It then enumerates exceptions, all of which are inapplicable here.  MIL.R.EVID. 606(b)(2).

This rule derives from FEDERAL RULE OF EVIDENCE 606(b).  Its "drafters clearly intended that the federal rule apply to courts-martial, with an additional provision for cases involving unlawful command influence."  *United States v. Loving,* 41 M.J. 213, 235-36 (C.A.A.F. 1994).  Its purpose is to protect "freedom of deliberation" and "the stability and finality of verdicts" as well as to "protect court members 'from annoyance and embarrassment.'"  *Id.* at 236 (quoting *United States v. Bishop*, 11 M.J. 7, 9 (C.M.A. 1981)).

Federal Courts of Appeals "have uniformly refused to consider evidence from jurors indicating that the jury ignored or misunderstood instructions in criminal cases."  *Id.* at 236 (citations omitted).  And the Supreme Court has expressly applied FED. R. EVID. 606(b) to exclude evidence of what a juror said during deliberations to demonstrate that the juror was dishonest during *voir dire*.  *Warger v. Shauers*, 135 S. Ct. 521, 525 (2014).

The only proffered evidence of LT K's purported dishonesty during *voir dire* is his statement directly pertaining to his mental process regarding an appropriate sentence.  Such evidence is precluded by MIL. R. EVID. 606(b).

*Admissibility of Hearsay*

The appellant next argues that the military judge abused his discretion by admitting AD's out-of-court statements to her mother on the dual bases of the excited utterance exception (MIL. R. EVID. 803(2)) and the residual hearsay exception (MIL. R. EVID. 807).  We will analyze the admissibility of the evidence under the residual hearsay exception because admissibility under that exception moots the applicability of the excited utterance exception, which under the facts of this case is arguably more tenuous.

4

We review a military judge's admission of evidence for an abuse of discretion. *United States v. Kasper*, 58 M.J. 314, 318 (C.A.A.F. 2003). When testing for abuse of discretion, we examine whether the "challenged action [is] arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013) (citation and internal quotation marks omitted). Specifically, "[a] military judge's decision to admit residual hearsay is entitled to considerable discretion on appellate review." *United States v. Wellington*, 58 M.J. 420, 425 (C.A.A.F. 2003) (citation and internal quotation marks omitted).

A military judge may allow hearsay statements into evidence, even when those statements are not covered by specific exceptions and exemptions, based on "equivalent circumstantial guarantees of trustworthiness." MIL.R.EVID. 807. To do so, the military judge must determine: (1) "the statement is offered as evidence of a material fact;" (2) the statement "is more probative on the point for which it is offered than other evidence which the proponent can procure through reasonable efforts;" and (3) "the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."[6] *Wellington,* 58 M.J. at 425.

In evaluating circumstantial guarantees of trustworthiness, a military judge examines all indicia of reliability, including: (1) the mental state and age of the declarant; (2) the spontaneity of the statement; (3) the use of suggestive questioning; and (4) whether the statement can be corroborated. *United States v. Donaldson*, 58 M.J. 477, 488 (C.A.A.F. 2003) (citing *United States v. Grant*, 42 M.J. 340, 343-44 (C.A.A.F. 1995)). A military judge's findings of fact regarding circumstantial guarantees of trustworthiness are reviewed for clear error. *Id.*

The military judge in this case made detailed findings of fact[7] regarding AD's initial report to her mother, summarized as follows:

(a) AD's statements were "clear, voluntary, uncontrived, and spontaneous."

---

[6] The final requirement of MIL.R.EVID. 807, that the proponent must provide timely notice of intent to offer the evidence at trial, is not disputed in this case.

[7] AE XXXVIII.

5

(b) The questions MD asked her daughter were open-ended and not suggestive.  On the contrary, MD casually challenged her daughter's initial disclosure using a "child-friendly" tone.

(c) In response to her mother's challenge and questions, AD insisted that the report was true and provided more detail about the incident.  AD's answers were not the result of reflection or fabrication.

(d) At the time AD made the statements, MD and the appellant were happy and discussing marriage.  There were no personal conflicts between AD and the appellant.

(e) After this initial report, AD made other consistent statements to the forensic interviewer and to her father with little or no prompting.

(f) AD was available and able to testify, but not to the same level of detail that she gave her mother two and a half years prior, directly after the incident.

Upon review of the record, we find nothing clearly erroneous in the military judge's findings of fact.  Those findings, in turn, support his conclusion that AD's initial statements to her mother met all criteria for admissibility under the residual hearsay exception.  We thus find no abuse of discretion.

*Legal and Factual Sufficiency*

We review questions of legal and factual sufficiency *de novo.  United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).  The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, any reasonable fact-finder could have found all the essential elements beyond a reasonable doubt."  *United States v. Day*, 66 M.J. 172, 173-74 (C.A.A.F. 2008) (citing *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)).  The test for factual sufficiency is whether "after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses as did the trial court, this court is convinced of the appellant's guilt beyond a reasonable doubt."  *United States v. Rankin*, 63 M.J. 552, 557 (N.M.Ct.Crim.App. 2006) (citing *Turner*, 25 M.J. at 325 and Art. 66(c), UCMJ), *aff'd*, 64 M.J. 348 (C.A.A.F. 2007).  Beyond a reasonable doubt, however, does not mean that the evidence must be free from conflict.  *Id.*

The elements of aggravated sexual abuse of a child are: (1) that the accused engaged in a lewd act, and (2) that the act was committed with a child who had not attained the age of 16 years. Art. 120(f), UCMJ.

The appellant highlights that the only evidence here was the testimony of AD. But "[t]he testimony of only one witness may be enough to meet [the Government's] burden so long as the members find that the witness's testimony is relevant and is sufficiently credible." *United States v. Rodriguez-Rivera*, 63 M.J. 372, 383 (C.A.A.F. 2006) (citation omitted). And the appellant's chosen crime, victim, and setting—oral penetration without ejaculation of a three-year-old when no one else was home—hardly lent themselves to additional evidence.

Considering the entire record, particularly the circumstances in which AD made her statements, their spontaneous and consistent nature, AD's use of age-appropriate terms and concepts, and the lack of any indication that she made the statements in response to suggestive questioning or with a motive to fabricate, we find the evidence both legally and factually sufficient.

## Conclusion

The findings and the sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court