# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

### No. 201700030

———————————————

### UNITED STATES OF AMERICA
Appellee

v.

### CALEB J. FRASURE
Sergeant (E-5), U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene H. Robinson, Jr., USMC.
Convening Authority: Commanding General, 3d Marine Division,
Okinawa, Japan.
Staff Judge Advocate's Recommendation: Major Timothy S. Taylor,
USMC.
For Appellant: Lieutenant Commander Jeremy J. Wall, JAGC, USN.
For Appellee: Lieutenant Commander Justin C. Henderson, JAGC,
USN; Major Kelli A. O'Neil, USMC.

———————————————

Decided 28 February 2018

———————————————

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

HUTCHISON, Senior Judge:

A panel of officer members sitting as a general court-martial convicted the appellant, contrary to his pleas, of three specifications of attempted sexual

abuse of a child[1] and one specification of solicitation to produce and distribute child pornography, in violation of Articles 80 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 934 (2016).[2] The members sentenced the appellant to three years' confinement, reduction to paygrade E-1, total forfeiture of pay and allowances, and a bad-conduct discharge. The convening authority (CA) approved the adjudged sentence and, except for the discharge, ordered it executed.

In two assignments of error, the appellant contends first, that the evidence is factually and legally insufficient because he never "truly believed" he was communicating online with a person under the age of 18; and second, that the government failed to prove that he was not entrapped.[3] Having carefully considered the record of trial and the parties' submissions, we are convinced that the findings and the sentence are correct in law and fact and find no error materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

In December 2015, while stationed in Okinawa, the appellant, responding to a personal advertisement on the website Craigslist.org, communicated via text message with a girl, "Liz Hernandez", who told him she was 14 years old.[4] In fact, "Liz" was an active-duty Sailor, working as an undercover agent (UC) with the Naval Criminal Investigative Service (NCIS). Although the UC's Craigslist.org advertisement listed her age as 55, in order "to create an opportunity for someone to ask what [her] real age [was,]"[5] she used a picture of herself as a teenager in the ad. During their online conversation over the next several weeks, the appellant engaged in explicit sexual discussions with Liz, asked her to send him nude photographs of herself, and, on two occasions, sent her a digital picture of his penis.

---

[1] Two specifications alleged the appellant attempted to commit a lewd act upon a child by intentionally exposing his genitalia, while the third specification alleged that the appellant attempted to commit a lewd act upon a child by intentionally communicating indecent language. Charge Sheet at 3.

[2] The members acquitted the appellant of two specifications of attempted sexual assault of a child and one specification of attempted sexual abuse of a child. *See* Record at 278; Convening Authority's Action of 4 Jan 2017.

[3] Appellant's Brief of 14 Jul 2017 at 1.

[4] Record at 167; Prosecution Exhibit (PE) 3 at 6.

[5] Record at 173.

## II. DISCUSSION

### A. Legal and factual sufficiency

We review questions of legal and factual sufficiency de novo. Art. 66(c), UCMJ; *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, any reasonable fact-finder could have found all the essential elements beyond a reasonable doubt." *United States v. Day*, 66 M.J. 172, 173-74 (C.A.A.F. 2008) (citing *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). In applying this test, "we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citations omitted).

The test for factual sufficiency is whether "after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses as did the trial court, this court is convinced of the appellant's guilt beyond a reasonable doubt." *United States v. Rankin*, 63 M.J. 552, 557 (N-M. Ct. Crim. App. 2006), *aff'd on other grounds*, 64 M.J. 348 (C.A.A.F. 2007) (citations omitted). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399. We "may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact," substituting our judgment for that of the fact finder. Art 66(c), UCMJ; *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990). Proof beyond a reasonable doubt is a high standard but "does not mean that the evidence must be free from conflict." *Rankin*, 63 M.J. at 557.

The appellant does not contest the underlying acts alleged in each of the specifications for which he was convicted. Rather, the appellant contends that the evidence presented at trial "never established that [he] actually believed that the persona with whom he communicated was actually under sixteen years old."[6] The appellant points out that the photos sent to him by the UC were photos of herself as a 24 to 26-year-old woman, and that, despite Liz's repeated assertions that she was 14, the appellant's responses expressed

---

[6] Appellant's Brief at 9. The appellant concedes that although he believed the "NCIS persona was at least 18 years old," the age of consent for the Article 80, UCMJ, offenses is 16. *Id.* at 11, n.49. Only the Article 134, UCMJ, solicitation to produce and distribute child pornography specification required the government to prove beyond a reasonable doubt that the appellant believed the UC was under 18.

doubt that she was who she claimed to be.[7] We disagree. The government introduced 117 pages of text messages between the appellant and Liz.[8] Throughout those messages, Liz tells the appellant numerous times that she is 14, and the appellant acknowledges both Liz's age and the criminality of his actions:

> Appellant: Are your parents military?[9]
>
> . . . .
>
> Appellant: . . . well are you looking [for sex]?
>
> UC: I[']m down for whatever but im [sic] young. . .
>
> Appellant: So you're down to have sex?[10]
>
> . . . .
>
> UC: I [meant] face.!! Yu know im 14 right.?[11]
>
> . . . .
>
> Appellant: You're young . . . I could get in trouble.[12]
>
> . . . .
>
> Appellant: If I send [a picture of my face] I can get in trouble.[13]
>
> . . . .
>
> Appellant: I'm not trying to get in trouble, I know you're young[14]
>
> . . . .
>
> Appellant: . . . are you a virgin?
>
> UC: I had sex before
>
> Appellant: With who? Your age?[15]

---

[7] *See* PE 2 at 3 ("You're 14 and posting on Craigslist?! Yeahhhhh that's believable"); PE 3 at 45 ("You're 18 right?!"); PE 3 at 46 ("Nah you're 18").

[8] PE 3.

[9] *Id.* at 3.

[10] *Id.* at 4.

[11] *Id.* at 11 (after the appellant sent her a picture of his exposed penis).

[12] *Id.* at 21.

[13] *Id.* at 22.

[14] *Id.* at 33.

. . . .

Appellant: I don't want to get in trouble, [a]re you a cop?[16]

. . . .

Appellant: Tell me you're 18 . . . just say it.[17]

. . . .

Appellant: I'm the one with all the risk . . .

Appellant: So tell me you're 18

UC: I[']m not??

Appellant: just say I'm 18

UC: Whyyy??? . . .

Appellant: To cover my ass

UC: Explain . . .

Appellant: If you don't tell me you're 18, I'm not meeting you!

UC: I guess . . If thts [sic] what yu [sic] wanna hear . . I[']m 18[.][18]

In addition, the appellant admitted during an NCIS interrogation that Liz told him "early on that she was 14[,]"[19] and the appellant acknowledged that "[s]he's young."[20] The appellant's text messages and his admissions to NCIS belie his assertion that he believed Liz "was at least eighteen years old[.]"[21] Therefore, after carefully reviewing the record of trial and considering all of the evidence in a light most favorable to the prosecution, we are convinced that a rational fact-finder could have found the appellant guilty of the three specifications of attempted sexual abuse of a child and the one specification of soliciting the production and distribution of child pornography. Additionally, after weighing all the evidence presented at trial and making allowances for not having personally observed the witnesses, we are convinced beyond reasonable doubt of the appellant's guilt.

---

[15] *Id.* at 35.

[16] *Id.* at 38.

[17] *Id.* at 77.

[18] *Id.* at 80-82.

[19] PE 7; Appellate Exhibit (AE) XVI at 19.

[20] PE 7; AE XVI at 7.

[21] Appellant's Brief at 11, n.49.

**B. Entrapment**

The appellant next claims that he was entrapped and that the evidence against him is factually insufficient for that reason as well. Specifically, the appellant alleges that he was induced to break the law by government agents and that he was not predisposed to commit sexual offenses with minors. As we noted above, we review an appellant's factual insufficiency claims *de novo*. Art. 66(c), UCMJ; *Washington*, 57 M.J. at 399.

The military judge instructed the members regarding entrapment and reiterated that "to find the accused guilty, you must be convinced beyond a reasonable doubt that the accused was not entrapped."[22] Likewise, in conducting our factual sufficiency review, we must be convinced beyond reasonable doubt that the appellant was not entrapped.

Entrapment is an affirmative defense in which "the criminal design or suggestion to commit the offense originated in the [g]overnment and the accused had no predisposition to commit the offense." RULE FOR COURTS-MARTIAL 916(g), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). In order for an entrapment defense to prevail, the defense has the "initial burden of . . . show[ing] that a government agent originated the suggestion to commit the crime." *United States v. Whittle*, 34 M.J 206, 208 (C.M.A. 1992). Once the defense has met that initial burden, the burden shifts to the government to prove either, (1) that the "criminal design did not originate with the [g]overnment;" or (2) "that the accused had a predisposition to commit the offense . . . prior to first being approached by [g]overnment agents." *Id.* (citations and internal quotation marks omitted).

*1. Inducement*

In effect, the first element of entrapment is an inducement by the government to commit the crime. *United States v. Howell*, 36 M.J. 354, 359-60 (C.M.A. 1993). "Inducement is government conduct that creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense" and can take many forms, including fraudulent representations, threats, persuasion, coercive tactics, or even pleas "based on need, sympathy, or friendship." *United States v. Hall*, 56 M.J. 432, 436 (C.A.A.F. 2002) (citations and internal quotation marks omitted). However, there is no inducement where government agents simply provide "the opportunity or facilities to commit the crime[.]" *Id.* at 437 (citations and internal quotation marks omitted).

The appellant argues that NCIS agents induced him by posting a personal advertisement on Craigslist.org—a website that requires users to be 18—and

---

[22] Record at 240.

then sending him photographs of a 24 to 26-year-old woman. Again, we disagree.

While the NCIS sting operation may have given the appellant the opportunity to commit the crimes, he was not induced. After learning that Liz was only 14 years old, the appellant introduced the subject of sex in one of their first online communications. Unprompted, the appellant sent digital images of his penis and used explicit language to describe what would happen if they were to meet. Based on these facts, we conclude the appellant was not induced, and that government agents merely provided him an opportunity to commit the offense.

### 2. Predisposition

"Evidence that 'a person accepts a criminal offer without being offered extraordinary inducements . . . demonstrates his predisposition to commit the type of crime involved.'" *United States v. Bell*, 38 M.J. 358, 360 (C.M.A. 1993) (quoting *United States v. Evans*, 924 F.2d 714, 718 (7th Cir. 1991)) (additional citation omitted). The appellant argues that nothing in his "behavior suggests that he was inclined to seek underage girls with whom to communicate."[23] But the appellant's actions show predisposition. After being repeatedly reminded of her age, and without "extraordinary inducements," the appellant engaged in a graphic sexual discussion with Liz, sent her pictures of his penis, and asked her to send him nude photos of herself. Moreover, the appellant expressed concern that he could get in trouble if caught. This is not the behavior of an otherwise law-abiding citizen or a person undisposed to committing sexual acts with minors.

As a result, we are convinced beyond a reasonable doubt that the appellant was not entrapped.

### III. CONCLUSION

The findings and sentence are affirmed. The supplemental court-martial order shall reflect that Charge II is a violation of Article 134, UCMJ. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

Judge FULTON and Judge SAYEGH concur.

For the Court



R.H. TROIDL
Clerk of Court

---

[23] Appellant's Brief at 20.