Judge STUCKY
delivered the judgment of the Court.
Appellant was convicted of conduct unbecoming an officer and a gentleman by possessing child pornography. Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2000). We granted review to determine whether the military judge erred by using a federal statute that the Supreme Court subsequently held to be unconstitu *273 tional to define “child pornography.” The military judge did not err in using the statute to define child pornography under these circumstances and the possession of images of virtual children engaged in sexually explicit conduct may give rise to a conviction for conduct unbecoming an officer and a gentleman. Therefore, we affirm.
I. Background
Appellant, an active-duty Navy officer, served on the USS DAVID R. RAY (DD 971). During routine computer-system maintenance while the ship was underway, the computer administrator, a noncommissioned officer, discovered that Appellant was using government computers to download and view child pornography. Appellant later admitted to Naval Criminal Investigative Service (NCIS) agents that, although he primarily downloaded and viewed such images in his stateroom, he also sometimes used the engineering log room computer. From November 1999 to March 2000, Appellant downloaded approximately 1,700 to 1,800 images of naked, adolescent girls between the ages of ten and fifteen years old. As time went on, the images became increasingly graphic, depicting exposed genitalia or sexual acts with adults.
In March 2001, a general court-martial with members convicted Appellant, contrary to his pleas, of engaging in conduct unbecoming an officer and a gentleman by receiving and possessing child pornography, and two specifications of committing a crime or offense not capital, viz., possessing child pornography in violation of the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2252A (2000). Articles 133 and 134, UCMJ, 10 U.S.C. §§ 933, 934 (2000). Before sentencing, the military judge merged the Article 134 offenses with the Article 133 offense for sentencing purposes. The members sentenced Appellant to a dismissal and confinement for twelve months. The convening authority approved the sentence. On appeal, the United States Navy-Marine Corps Court of Criminal Appeals (CCA) set aside the Article 134 charge because the definition of child pornography used in the military judge’s instruction had subsequently been held unconstitutional by the Supreme Court in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 240, 256, 258, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). United States v. Forney, No. 200200462, 2005 CCA LEXIS 235, at *11, 2005 WL 1800117, at *3 (N.M.Ct. Crim.App. July 19, 2005). The CCA affirmed the findings as to the Article 133 offense and affirmed the sentence. Id. at *23, 2005 WL 180017, at *8.
We remanded the case to the CCA to reconsider its decision in light of United States v. Moreno, 63 M.J. 129 (C.A.A.F.2006) (concerning review of unjust post-trial delay claims), and United States v. Cendejas, 62 M.J. 334 (C.A.A.F.2006) (holding conviction for possession of child pornography under clause 3 of Article 134, UCMJ, had to be set aside because the trial court failed to fully and fairly litigate whether the images depicted actual or virtual children). United States v. Forney, 64 M.J. 177 (C.A.A.F.2006) (summary disposition). On remand, the CCA affirmed the findings of guilty to a violation of Article 133, but granted relief for post-trial delay by affirming only so much of the sentence as provided for a dismissal. United States v. Forney, No. 200200462, 2007 CCA LEXIS 349, at *14, *25, 2007 WL 2579429, at *4, *8 (N.M.Ct.Crim.App. Aug. 30, 2007).
II. The Specification and Instructions
The sole specification upon which Appellant now stands convicted alleged that he did “wrongfully receive and possess child pornography, as defined in 18 U.S.C. § 2256, which acts or conduct constituted conduct unbecoming an officer.” Article 133, UCMJ, provides as follows: “Any commissioned officer, cadet, or midshipman who is convicted of conduct unbecoming an officer and a gentleman shall be punished as a court-martial may direct.” The military judge instructed the court members that in order to convict Appellant of the offense alleged, they had to be convinced beyond a reasonable doubt that:
(1) Appellant received and possessed child pornography;
(2) Appellant knew he received and possessed child pornography;
(3) Appellant knew what he received and possessed was child pornography;
*274 (4) Appellant’s receipt and possession of the child pornography was wrongful; and,
(5) Under all the circumstances, Appellant’s conduct was unbecoming an officer and a gentleman.
The military judge defined conduct unbecoming an officer and a gentleman as
behavior in an official capacity which, in dishonoring or disgracing the individual as a commissioned officer, seriously detracts from his character as a gentleman, or behavior in an unofficial or private capacity which, in dishonoring or disgracing the individual personally, seriously detracts from his standing as a commissioned officer.
“Unbecoming conduct” means misbehavior more serious than slight and of a material and pronounced character. It means conduct morally unfitting and unworthy, rather than merely inappropriate or unsuitable misbehavior which is more than opposed to good taste or propriety.
The military judge defined child pornography to the court members based on the then-current language of 18 U.S.C. § 2256(8),[1] as follows:
“Child pornography” means any visual depiction, including any photograph, film, video, picture, or computer image or computer generated image or picture, whether made or produced by electronic, mechanical, or other means of sexually explicit conduct where:
[(A)] The production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or
[(B)] Such visual depiction is or appears to be of a minor engaging in sexually explicit conduct; or
[(C)] Such visual depiction has been created, adapted or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or
[(D)] That such visual depiction is advertised, promoted, presented, described or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.
The military judge further instructed that “[r]eceipt and possession of child pornography may be inferred to be wrongful in the absence of evidence to the contrary; however, the drawing of this inference is not required.”
III. Analysis
In his instructions to the court members, the military judge employed the definition of child pornography then found in 18 U.S.C. § 2256(8), part of the CPPA. More than a year after Appellant was sentenced, the Supreme Court held that 18 U.S.C. § 2256(8) violated the First Amendment to the extent that it criminalized the possession and distribution of certain “virtual” images — images that were neither obscene nor produced by the exploitation of actual children. Free Speech Coalition, 535 U.S. at 240, 256, 258, 122 S.Ct. 1389.
Relying on Free Speech Coalition, this Court has set aside convictions for violations of the CPPA, as crimes or offenses not capital under clause 3 of Article 134, UCMJ, in which the court had defined child pornography as including images of virtual children. See United States v. Mason, 60 M.J. 15, 18 (C.A.A.F.2004); United States v. O’Connor, 58 M.J. 450, 454 (C.A.A.F.2003). On the other hand, we have affirmed convictions for the possession of child pornography charged as conduct “to the prejudice of good order and discipline in the armed forces” or as “conduct of a nature to bring discredit upon the armed forces” under clauses 1 or 2 of Article 134, UCMJ, without requiring the prosecution to establish that the images were of actual children. See United States v. Brisbane, 63 M.J. 106, 116-17 (C.A.A.F. 2006); Mason, 60 M.J. at 20 (stating that “[t]he receipt or possession of ‘virtual’ child pornography can, like ‘actual’ child pornography, be service-discrediting or prejudicial to good order and discipline”). We now hold that the receipt and possession of virtual *275 child pornography may also constitute conduct unbecoming an officer.
A. Conduct Unbecoming an Officer
The Supreme Court “has long recognized that the military is, by necessity, a specialized society separate from civilian society.” Parker v. Levy, 417 U.S. 733, 743, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); Orloff v. Willoughby, 345 U.S. 83, 94, 73 S.Ct. 534, 97 L.Ed. 842 (1953). That is because the primary business of the military is to fight and be ready to fight the nation’s wars. Levy, 417 U.S. at 743, 94 S.Ct. 2547 (citing United States ex rel. Toth v. Quarles, 350 U.S. 11, 17, 76 S.Ct. 1, 100 L.Ed. 8 (1955)). ‘“No question can be left open as to the right to command in the officer....’ ” Id. at 744, 94 S.Ct. 2547 (quoting In re Grimley, 137 U.S. 147, 153, 11 S.Ct. 54, 34 L.Ed. 636 (1890)). An officer’s conduct that disgraces him personally or brings dishonor to the military profession affects his fitness to command the obedience of his subordinates so as to successfully complete the military mission. That is the gravamen of the offense Congress proscribed in Article 133.
Further, we have held on numerous occasions that conduct need not be a violation of any other punitive article of the Code, or indeed a criminal offense at all, to constitute conduct unbecoming an officer. E.g., United States v. Norvell, 26 M.J. 477, 481 (C.M.A. 1988); United States v. Taylor, 23 M.J. 314, 318 (C.M.A.1987). As we stated more than forty years ago:
[I]t is evident that the essence of an Article 133 offense is not whether an accused officer’s conduct otherwise amounts to an offense — although, of course, it may — but simply whether the acts meet the standard of conduct unbecoming an officer....
Clearly, then, the appropriate standard for assessing criminality under Article 133 is whether the conduct or act charged is dishonorable and compromising as herein-before spelled out — this notwithstanding whether or not the act otherwise amounts to a crime.
United States v. Giordano, 15 C.M.A. 163, 168, 35 C.M.R. 135, 140 (1964).
That the possession of virtual child pornography may be constitutionally protected speech in civilian society does not mean it is protected under military law. “While the members of the military are not excluded from the protection granted by the First Amendment, the different character of the military community and of the military mission requires a different application of those protections.” Levy, 417 U.S. at 758, 94 S.Ct. 2547. “Speech that is protected in the civil population may nonetheless undermine the effectiveness of response to command. If it does, it is constitutionally unprotected.” Id. at 759, 94 S.Ct. 2547 (citing United States v. Gray, 20 C.M.A. 63, 42 C.M.R. 255 (1970)). Appellant’s conduct disgraced him personally and compromised his fitness to command the obedience of his subordinates.
B. The Military Judge’s Instruction
Appellant argues that the military judge erred by instructing the members using the definition of child pornography found in 18 U.S.C. § 2256(8) that the Supreme Court held violated the First Amendment’s free speech provision. Quoting Cendejas, 62 M.J. at 339-40, Appellant asserts that this definition “ ‘relieved the Government of its obligation to prove that the images were of “actual” children beyond a reasonable doubt in an evidentiary proceeding,’ ” and “ ‘removed any opportunity for [LTJG Forney] to present a defense based on the “virtual” constitutionally protected nature of the images.’ ” “At the very least,” he argues, “the members must be instructed that the speech (e.g., possession of images of virtual child pornography) is constitutionally protected but that it could, nonetheless, constitute conduct unbecoming an officer.”
Appellant’s arguments are based on Cen-dejas. In that case, however, the Government charged the accused with violating the CPPA under clause 3 of Article 134, UCMJ. Id. at 335. When an accused is charged with violating a civilian statute under the rubric of clause 3, we must apply the Supreme Court’s interpretation of that civilian statute. Where the offense does not allege that the conduct violated a civilian statute, but instead alleges *276 the conduct itself is unbecoming an officer and a gentleman or prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces, we apply Supreme Court precedent in the military context.
Neither the UCMJ nor the Manual for Courts-Martial contains a definition of child pornography, and this Court has not been called upon to define the term. The Government could have avoided this issue by alleging Appellant possessed “images of children engaged in sexually explicit conduct” rather than alleging he possessed “child pornography, as defined in 18 U.S.C. § 2256.” Nevertheless, it is clear from the specification as alleged that the Government was not charging Appellant with a violation of Title 18, but was merely adopting the definition in 18 U.S.C. § 2256 to explain the term “child pornography” in the context of a conduct unbecoming an officer and a gentleman charge under 10 U.S.C. § 933.
As noted earlier, “[sjpeech that is protected in the civil population may nonetheless undermine the effectiveness of response to command. If it does, it is constitutionally unprotected.” Levy, 417 U.S. at 759, 94 S.Ct. 2547 (citing Gray, 20 C.M.A. 63, 42 C.M.R. 255). The First Amendment no more protects a military officer from prosecution under Article 133 for wrongfully possessing virtual child pornography on government computers on a Navy warship underway than it protected Captain Levy from prosecution for making statements to enlisted personnel that he would not go to Vietnam if ordered to do so. See Levy, 417 U.S. at 739 n. 6, 94 S.Ct. 2547. The military judge did not err by using 18 U.S.C. § 2256 to define child pornography.[2]
Appellant also argues that the military judge should have instructed the members that the possession of virtual child pornography was constitutionally protected, although it could constitute conduct unbecoming an officer, and that failure to so instruct prevented him from presenting a defense. Neither the Supreme Court nor this Court has imposed a general requirement to instruct on the state of the law in civilian society, even in cases raising explicit First Amendment issues. See Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439; United States v. Howe, 17 C.M.A. 165, 37 C.M.R. 429 (1967) (using contemptuous language toward the President and conduct unbecoming an officer by participating in a public demonstration contemptuous of the President). That a civilian may not be subject to criminal liability under Title 18 for the same conduct that resulted in Appellant’s conviction under Article 133 is not determinative of whether his conduct was unbecoming an officer and a gentleman. Appellant would not have been entitled to present evidence that possession of virtual child pornography was not an offense in the civilian community or to have the military judge so instruct, even if he had requested the instruction, which he did not. It follows that the military judge did not err by failing to give such an instruction.[3]
*277 IV. Decision
The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.[4]

. Congress amended this definition in the wake of Free Speech Coalition, but the amendments are not relevant in this context. Pub.L. No. 108-21, § 502, 117 Stat. 650, 678 (2003).

. Even if it were error for the military judge to reference the federal statute in the instruction— arguably suggesting that the possession of virtual child pornography was illegal in civilian society — we are confident such error was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). There is no reasonable possibility that any such error might have contributed to Appellant's conviction. Id. In light of the totality of the circumstances — his receiving and possessing such images on government computers on a Navy ship underway, the discovery of the misconduct by an enlisted person in the performance of his duties, and the focus of the offense and the military judge’s instructions on the military nature of the offense — any such error would have been unimportant in relation to everything else the jury considered on the issue in question. Yates v. Evatt, 500 U.S. 391, 403, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991), overruled on other grounds by Estelle v. McGuire, 502 U.S. 62, 72 n. 4, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). A rational court-martial would have found Appellant guilty absent the alleged error. United States v. McDonald, 57 M.J. 18, 20 (C.A.A.F. 2002) (citing Heder v. United States, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)).

. Appellant's argument that he should have been able to raise this issue to the members suggests he believes it is a quasi-affirmative defense to an Article 133 charge — the members could, but would not be required to, acquit if they found the images were of virtual children. However, before a military judge is required to give an affirmative defense instruction, there must be some evidence in the record to which the members *277 might attach credit. See United States v. Van Syoc, 36 M.J. 461, 464 (C.M.A.1993); accord United States v. Hibbard, 58 M.J. 71, 72 (C.A.A.F.2003). In this case, there is absolutely no evidence that the images were or might have been virtual. Thus, even if Appellant's quasi-defense were recognized in military law, and it is not, the military judge would not have been required to instruct on it.

. We do not agree that the CCA improperly affirmed on a theory not presented to the members, viz., that the images were virtual. The CCA, having found error, was required to assess prejudice. It did so by considering the case in the light most favorable to the defense. Forney, 2007 CCA LEXIS 349, at *13, 2007 WL 2579429, at *4. That is not an alternative theory of the case.