*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, STEWART, and HACKEL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Daryl G. LYLE**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202100100**

_____

Decided: 4 October 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Kyle G. Phillips (arraignment, motions)
Keaton H. Harrell (motions, trial)

Sentence adjudged 17 December 2020 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of officer and enlisted members.[1] Sentence in the Entry of Judgment: reduction to E-1, confinement for eight years, forfeiture of all pay and allowances, and a dishonorable discharge.[2]

---

[1] Pursuant to Rule for Courts-Martial 1002(c), Appellant requested sentencing by military judge.

[2] Appellant was credited with having served 7 days' pretrial confinement.

For Appellant:
*Mrs. Tami L. Mitchell, Esq.*
*Lieutenant Commander Daniel O. Moore, JAGC, USN*
*Captain Jasper W. Casey, USMC*

For Appellee:
*Lieutenant Commander Jeffrey S. Marden, JAGC, USN*
*Lieutenant Gregory A. Rustico, JAGC, USN*

—————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

—————————————

PER CURIAM:

Appellant was convicted, contrary to his pleas, of one specification of possession of child pornography and three specifications of distribution of child pornography, in violation of Article 134, Uniform Code of Military Justice [UCMJ],[3] for possessing images and videos of minors engaging in sexually explicit conduct, and for wrongfully distributing child pornography to Ms. Lima.[4]

Appellant asserts seven assignments of error (AOEs): (1) the record of trial is incomplete; (2) the evidence is legally and factually insufficient to sustain Appellant's convictions; (3) trial defense counsel were ineffective for failing to move to suppress evidence obtained from Appellant's phone; (4) the military judge erred when he instructed the panel members that they could convict Appellant for possession of apparent child pornography; (5) trial counsel engaged in improper sentencing argument; (6) trial defense counsel were ineffective for failing to argue the effects of a punitive discharge; and (7) Appellant deserves sentence relief for a lack of necessary medical care while in confinement.[5] We find no prejudicial error and affirm.

———————

[3] 10 U.S.C. § 934.

[4] All names in this opinion, other than those of Appellant, the judges, and appellate counsel, are pseudonyms.

[5] Assignments of Error (6) and (7) are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have reviewed AOEs (1), (5), (6), and (7) and find them to be without merit. *United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987).

## I. BACKGROUND

Appellant met Ms. Lima through an online dating application in September 2018. They communicated via Snapchat (an application used to send pictures and videos), as well as through text messages. As their flirtatious communications became more sexual in nature, Appellant eventually sent Ms. Lima images and videos depicting minors engaging in sexual conduct. The contemporaneous texts between Appellant and Ms. Lima described the ages and activities of the minors in these images and videos. This distribution of child pornography was detected by Facebook and Snapchat, which reported it to the National Center for Missing and Exploited Children [NCMEC], which, in turn, reported it to the Naval Criminal Investigative Service [NCIS].

In response to search warrants served on Facebook and Snapchat, NCIS Special Agent [SA] Golf received various pictures and videos related to Appellant's accounts depicting minors engaged in sexual activity. The accompanying information indicated some of these images had been sent from Appellant's accounts to Ms. Lima.

When SA Golf interviewed Appellant, the latter provided Facebook and Snapchat usernames associated with the NCMEC reports. He denied, however, knowing Ms. Lima or communicating with her. He also declined to allow SA Golf to search his phone, which SA Golf then seized for safekeeping pending a request for command authorization to search it. A subsequent forensic search pursuant to a Command Authorization for Search and Seizure [CASS] revealed dozens of images and videos depicting suspected child pornography and child erotica, evidence of internet searches of the terms "cp" and "where is child porn legal," and conversations regarding child pornography. At trial, Appellant's counsel's theory was that Appellant's phone had been hacked, and that he neither sent the images to Ms. Lima nor knew they were on his phone.

Additional facts necessary to address the AOEs are provided below.

## II. DISCUSSION

### A. The Evidence is Legally and Factually Sufficient

*1. Standard of Review and the Law*

Appellant asserts that the evidence is legally and factually insufficient to support his convictions. We review both legal and factual sufficiency de novo.[6]

Legal sufficiency requires us to consider the evidence in the light most favorable to the Government and determine whether "a reasonable fact-finder could have found all the essential elements beyond a reasonable doubt."[7] In doing so, we "draw every reasonable inference from the evidence of record in favor of the prosecution."[8]

Factual sufficiency, on the other hand, requires that we weigh the evidence in the record of trial, make allowances for not having observed and heard the witnesses, and then ask whether we are independently convinced of Appellant's guilt beyond a reasonable doubt.[9] In doing so, we apply "neither a presumption of innocence or a presumption of guilt."[10] "Reasonable doubt, however, does not mean the evidence must be free from conflict."[11]

In order to sustain the convictions for wrongfully possessing and distributing child pornography as charged, the Government must have proven beyond a reasonable doubt that: (1) Appellant knowingly and wrongfully possessed and distributed child pornography, and (2) that under the circumstances, the conduct was of a nature to bring discredit upon the armed forces.[12] The Manual for Courts-Martial [MCM] defines "child pornography" as "material that contains either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of an actual minor engaging in sexually explicit

---

[6] Art. 66(d), UCMJ; *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

[7] *United States v. Turner*, 25 M.J. 324, 324-25 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

[8] *United States v. Gutierrez*, 74 M.J. 61, 65 (C.A.A.F. 2015).

[9] *Turner*, 25 M.J. at 325.

[10] *Washington*, 57 M.J. at 399.

[11] *United States v. Rankin,* 63 M.J. 552, 557 (N-M. Ct. Crim. App. 2006).

[12] *Manual for Courts-Martial, United States* (2016 ed.), pt. IV, para. 95.b.(1).

conduct."[13] The MCM defines "sexually explicit conduct" as "actual or simulated: sexual intercourse or sodomy including genital to genital, oral to genital, anal to genital, or oral to anal, whether between persons of the same or opposite sex; . . . masturbation; . . . or . . . lascivious exhibition of the genitals or pubic area of any person."[14] In order to have proven that Appellant knowingly and wrongfully possessed and distributed child pornography, the Government must have proven beyond a reasonable doubt that he was "aware that the images were of minors, or what appeared to be minors, engaged in sexually explicit conduct. Awareness may be inferred from circumstantial evidence such as the name of a computer file or folder, . . . search terms used, and the number of images possessed."[15]

### a. Legal sufficiency

At trial, the Government presented evidence on every element of the charged offenses. Its expert, Mr. Alpha, testified as to how the relevant images were found on Appellant's cell phone, as well as to how the text messages between Appellant and Ms. Lima described the contemporaneous delivery of images to Ms. Lima from Appellant. These texts show that Appellant believed that the children engaged in sexual conduct in the images were between 9 and 14 years old. We have reviewed these images and find that a reasonable fact-finder could find beyond a reasonable doubt that the images admitted at trial meet the definition of "child pornography." Also, based on the testimony of both Mr. Alpha (describing the contents of Appellant's cell phone and the reports received from NCMEC and Snapchat) and Ms. Lima (confirming that some of the images of child pornography in the NCMEC and Snapchat reports were the ones Appellant sent to her), we are convinced that that same fact-finder could have found all the other essential elements beyond a reasonable doubt.

### b. Factual Sufficiency

Appellant was initially charged with possessing child pornography on his cell phone when it was seized by SA Golf. Appellant claims the Government did not prove that he knowingly possessed the images "because they were in the cache folder of the Tumblr application of his phone."[16] In support of his

---

[13] *Id.* at pt IV, para. 95.c.(4). See Section C, below, for a more detailed discussion of the specific definitions of "child pornography" applicable to the various offenses of which Appellant was convicted.

[14] *Id.* at pt IV, para. 95.c.(10)(a).

[15] *Id.* at pt IV, para. 95.c.(5)

[16] Appellant's Br. at 20.

claim, Appellant points to the testimony of the Government's forensic expert, Mr. Alpha, that, since the Tumblr application automatically caches information, it is possible that Appellant was not aware the images were saved on his phone. Mr. Alpha also testified that the images could have been saved to Appellant's phone unintentionally while Appellant downloaded images of adult pornography.

If the mere presence of the illicit images on Appellant's phone was the sole evidence of his knowing possession of them, Appellant's argument may carry some weight. However, the totality of the evidence admitted at trial leads us to another conclusion. This evidence includes both the information on his phone that shows he searched the internet for "cp" and sought to learn "where is child porn legal," as well as the various communications he shared with Ms. Lima that clearly reference his possessing and distributing child pornography. Taken together, we are convinced that Appellant knowingly possessed child pornography on his cell phone at the time it was seized.

Appellant was also convicted of distributing child pornography to Ms. Lima on three separate occasions. On appeal, Appellant claims the Government failed to prove that the alleged distributions occurred on the precise dates specified on the charge sheet, and, therefore, did not prove the offense as charged. We disagree. Our superior Court "has consistently taken the position that the words 'on or about' in pleadings means that the government is not required to prove the exact date of an offense if a date *reasonably near* is established."[17] That the members were instructed on their ability to find Appellant guilty by exceptions and substitutions, but declined to do so, does not alter this. Accordingly, we find this claim without merit. We similarly find meritless the other arguments Appellant offers to show a lack of factual basis for his convictions.

After weighing the evidence admitted and presented to the members during the trial, and making allowances for not having personally observed the witnesses, we are convinced of Appellant's guilt beyond a reasonable doubt and find that the evidence is factually sufficient to support Appellant's convictions.

## B. Appellant did not Receive Ineffective Assistance of Counsel

We review claims of ineffective assistance of counsel de novo.[18] To prevail on such a claim, "an appellant must demonstrate both (1) that his counsel's

---

[17] *United States v. Simmons*, 82 M.J. 134, 139 (C.A.A.F. 2022) (citations and quotation marks omitted) (emphasis in original).

[18] *United States v. Cooper*, 80 M.J. 664, 672 (N-M. Ct. Crim. App. 2020).

performance was deficient, and (2) that this deficiency resulted in prejudice."[19] Appellant bears the "burden of establishing the truth of factual matters relevant to the claim."[20] "To establish prejudice . . . , [Appellant] must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[21] Only after an appellant has met this burden and demonstrated both deficiency and prejudice can we find in the appellant's favor on an ineffective assistance of counsel claim.[22] And "[w]hen a claim of ineffective assistance of counsel is premised on counsel's failure to makes a motion to suppress evidence, an appellant must show that there is a reasonable probability that such a motion would have been meritorious."[23]

Appellant claims his trial defense counsel were ineffective for failing to challenge the seizure and search of his cell phone. To support this claim, Appellant provides six purported bases upon which the phone's contents should have been suppressed: (1) there was no probable cause to believe the phone contained child pornography at the time it was seized; (2) the information supporting probable cause to search the phone was stale; (3) SA Golf's failure to protect the phone from remote access undermines his claim that he seized the phone temporarily for safekeeping; (4) SA Golf's affidavit in support of the warrant contains false information and omitted material information; (5) the Government has presented no evidence showing that authority to authorize the search had devolved to the person who signed the CASS; and, (6) Mr. Alpha exceeded the CASS's scope by searching for and seizing images that did not depict child pornography.

Having reviewed the evidence in the record and considered each of Appellant's arguments, we find he has failed to show a reasonable probability that a motion to suppress the phone's contents would have succeeded on any of the offered bases. First, we agree with trial defense counsels' assessment that

---

[19] *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)) (other citation omitted).

[20] *Denedo v. United States*, 66 M.J. 114, 128 (C.A.A.F. 2008).

[21] *United States v. Loving*, 68 M.J. 1, 6-7 (C.A.A.F. 2009) (quoting *Strickland*, 466 U.S. at 694).

[22] *Cooper*, 80 M.J. at 672.

[23] *United States v. Jameson*, 65 M.J. 160, 163-64 (C.A.A.F. 2007) (citation omitted) (alteration in original).

there were no grounds to challenge SA Golf's seizure of the cell phone for safe-keeping while seeking a CASS.[24] Although Appellant told SA Golf that he had changed phones since the time period in question, SA Golf was not required to believe him. And, even if the seized phone was a replacement for the cell phone used to possess and distribute child pornography during the period covered by the charges, Appellant admitted to SA Golf that the cell phone in his possession was the only device he had with which to connect to the internet, and that the Facebook account identified in the NCMEC report belonged to him.[25] Additionally, neither the fact that SA Golf could have done more to protect the cell phone nor the fact that he waited until the next day to seek the CASS makes his seizure of the phone unreasonable.[26] "The Fourth Amendment prohibits only 'meaningful interference' with a person's possessory interests, not government action which is reasonable under the circumstances."[27]

Next, we turn to the CASS itself. The officer who signed the authorization listed his title under his signature as the Marine Corps Installations-East [MCI-E] "Chief of Staff."[28] Appellant argues that the lack of any evidence that the MCI-E Commander's authority had devolved to the Chief of Staff renders the search authorization unlawful. Although Appellant bears the burden of establishing the truth of the factual matters relevant to his claim of ineffective assistance, on this point Appellant offers no evidence—only the bare assertion that authority had not devolved to the MCI-E Chief of Staff.[29] Accordingly, we find Appellant has not met his burden of showing a reasonable probability—not simply the *possibility*—of success had his trial defense counsel challenged the validity of the CASS on this basis.

---

[24] Appellee's Order Response, App'x B at 2.

[25] App. Exhibit X at 16-17.

[26] *See United States v. Nelson*, 2022 CCA LEXIS 215, *13 (N-M. Ct. Crim. App. May 4, 2021) (*aff'd, United States v. Nelson,* 82 M.J. 251 (C.A.A.F. 2022)).

[27] *United States v. Visser*, 40 M.J. 86, 90 (C.A.A.F. 1994) (holding that detention of household goods for seven days for the purpose of obtaining a civilian search warrant was not unreasonable government action and did not constitute a Fourth Amendment violation).

[28] App. Exhibit X at 14.

[29] *See United States v. Chee*, 2002 CCA LEXIS 304, *11. (Finnie, SJ concurring) ("A motion containing factual assertions does not satisfy the requirement to produce evidence") (citing *United States v. Lewis*, 42 M.J. 1, 4 (C.A.A.F. 1995)).

We find Appellant's remaining arguments in support of suppression to be equally without merit.

Given the nature of the evidence presented at trial, the successful suppression of the cell phone's contents would have left the Government nearly empty-handed. But, as advantageous as such a ruling would have been for Appellant, he has not shown that his trial defense counsels' performance was deficient in not seeking it.

### C. The Military Judge Properly Instructed the Members

"When deciding whether the military judge properly instructed a panel, this Court uses a de novo standard of review."[30]

Appellant was found guilty of "knowingly and wrongfully possess[ing] child pornography, to wit: . . . digital images . . . and videos of minors engaging in sexually explicit conduct" and "knowingly and wrongfully distribut[ing] child pornography."[31] Regarding the specification alleging possession of child pornography, the military judge provided the members the following definition: "'[C]hild pornography'" means material that contains a visual depiction of an actual minor engaging in sexually explicit conduct."[32] Regarding the specifications alleging distribution of child pornography, the military judge provided the same definition plus, over defense objection, the following: "'Child pornography" also means material that contains an obscene visual depiction of a minor engaging in sexually explicit conduct. Such a depiction need not involve an actual minor, but instead only what appears to be a minor."[33]

Appellant claims that this latter definition allowed the members to convict him of distributing constitutionally protected material (i.e., adults dressed to look like minors), citing *Ashcroft v. Free Speech Coalition*.[34] We find this reliance on *Ashcroft* misplaced. In that case, the Supreme Court held that a federal

---

[30] *United States v. Bailey*, 77 M.J. 11, 14 (C.A.A.F. 2017) (citing *United States v. Schroder*, 65 M.J. 49, 54 (C.A.A.F. 2007)).

[31] Charge Sheet.

[32] R. at 661.

[33] R. at 662.

[34] 535 U.S. 234 (2002).

statute's definition of "child pornography" that included "sexually explicit images that appear to depict minors" was constitutionally overbroad.[35] But our superior Court has held that, for crimes charged under Clause 2 of Article 134, UCMJ, *Ashcroft* does not render a charge involving "what appears to be a minor engaging in sexually explicit conduct" unconstitutional.[36] When charged as conduct of a nature to bring discredit upon the armed forces, the fact that "the possession of virtual child pornography may be constitutionally protected speech in civilian society does not mean it is protected under military law."[37] "It is settled that 'under appropriate circumstances conduct that is constitutionally protected in civilian society could still be viewed as prejudicial to good order and discipline or likely to bring discredit upon the armed forces.'"[38] Accordingly, as it rests on an erroneous claim of First Amendment protection, this AOE is without merit.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[39]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[35] *Id.* at 256 (declaring unconstitutional parts of the Child Pornography Protection Act of 1996, 18 U.S.C. 2251 *et. seq.*, as an abridgement of free speech.)

[36] *See United States v. Beaty*, 70 M.J. 36 (C.A.A.F. 2011).

[37] *United States v. Forney*, 67 M.J. 271, 275 (C.A.A.F. 2009).

[38] *United States v. Moon*, 73 M.J. 382, 387 (C.A.A.F. 2014) (citing *Parker v. Levy*, 417 U.S. 733, 759 (1974)).

[39] Articles 59 & 66, UCMJ.