# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**Misc. Dkt. No. 2024-03**

———————————

**UNITED STATES**
*Appellant*

**v.**

**Remington E. CARLISLE**
Staff Sergeant (E-5), U.S. Air Force, *Appellee*

———————————

Appeal by the United States Pursuant to Article 62, UCMJ

Decided 21 May 2024

———————————

*Military Judge*: Brian M. Thompson.

*GCM convened at*: Mountain Home Air Force Base, Idaho.

*For Appellant*: Major Jocelyn Q. Wright, USAF; Colonel Matthew D. Talcott, USAF; Mary Ellen Payne, Esquire.

*For Appellee*: Major Samantha P. Golseth, USAF.

Before ANNEXSTAD, DOUGLAS, and MASON, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Senior Judge ANNEXSTAD and Judge DOUGLAS joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MASON, Judge:

This case arises out of an interlocutory appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862,[1] in a pending court-martial.

Appellee is charged with one specification of possession of child pornography, one specification of viewing child pornography and one specification of distributing child pornography, all in violation of Article 134, UCMJ, 10 U.S.C. § 934. The Government alleges that Appellee possessed, viewed, and distributed sexually explicit and obscene anime videos and images. Pretrial, Appellee moved to exclude 33 videos and images the Government contends form the basis of the charged offenses. The military judge granted this motion and excluded these charged videos and images ruling that they were irrelevant because these videos and files did not meet the definition of child pornography in accordance with Article 134, UCMJ.

The Government appeals the military judge's ruling excluding the 33 videos and images. They argue that these anime videos and images do meet the definition of child pornography in accordance with Article 134, UCMJ. We hold that whether the videos and images meet the definition of child pornography as set forth by the President is a factual question to be resolved by the factfinder at trial. Therefore, the military judge erred when he failed to apply the relevance standard as set forth in Mil. R. Evid. 401, usurped the factfinder's role, and excluded this evidence.

## I. BACKGROUND

The facts pertinent to this appeal are brief and straightforward. Upon request from law enforcement, a federal magistrate judge granted a search warrant to seize and search certain items from Appellee's home and his smartphone. Review of his phone uncovered the charged videos and images. These videos and images are anime style depictions which are characterized by overtly sexualized characters and sexually explicit images and plots. The military judge found that most of the characters in the 33 videos and images at issue "appear to have the developmental age of a child in the six to ten-years-old range . . . ." He described with more detail what was depicted and concluded that, "[w]ithout serious debate, these images display 'sexually explicit conduct.'"

On 22 January 2024, in response to a defense demand, the Government provided a bill of particulars that detailed the 33 obscene visual depictions it

---

[1] Unless otherwise specified, references to the UCMJ, the Military Rules of Evidence (Mil. R. Evid.), and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2024 ed.).

intended to offer to prove the charged offenses. Shortly after receiving this bill of particulars, trial defense counsel moved to exclude these videos and images advancing several arguments: (1) that the images do not depict images of underage persons; (2) that they do not constitute depictions of sexually explicit conduct; and (3) that the charged offenses are "void for vagueness" and violate Appellee's equal protection rights.

The military judge conducted an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session to receive evidence and hear arguments on the motion. During that hearing, the military judge asked trial defense counsel, "[W]hat is the legal authority, rule, or case law for the court to provide the relief you request? In other words, what authority allows the court to definitively resolve controverted questions of fact, for example, it appears to [be] minor, obscene, that are generally left to the trier of fact to resolve?" After hearing argument, the military judge determined that these 33 videos and images were inadmissible as they were irrelevant.[2] In his ruling, the military judge set forth a lengthy discussion of the enumerated child pornography offense under Article 134, UCMJ, and ultimately concluded that the videos and images were of "fictional cartoon characters," "not persons," "not human beings," and "[did] not appear to be human beings as that term is contemplated by Article 134, UCMJ." Ultimately, the military judge concluded that the images do not appear to be minors; they appear to be fictional cartoon characters.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Appellant asserts that this court has jurisdiction to hear this appeal under Article 62(a)(1), UCMJ. Appellee argues that this court does not have jurisdiction over this appeal because the military judge did not exclude the evidence as a result of Appellee's constitutional claims. Article 62, UCMJ, does not limit this court's jurisdiction to constitutional claims only. Rather, amongst the possible matters that may give rise to this court's jurisdiction over an appeal, the Government may appeal to this court "[a]n order or ruling which excludes evidence that is substantial proof of a fact material in the proceeding." Article 62(a)(1)(A)–(B), UCMJ. Here, the military judge's ruling excluding the charged 33 images and videos based on a lack of relevancy is an appealable ruling under this subsection of Article 62, UCMJ.

When the Government appeals a ruling under Article 62, UCMJ, this court reviews the military judge's decision "directly and reviews the evidence in the

---

[2] The military judge did not exclude the images and videos based on Appellee's constitutional claims.

light most favorable to the party which prevailed at trial." *United States v. Lewis*, 78 M.J. 447, 453 (C.A.A.F. 2019) (quoting *United States v. Pugh*, 77 M.J. 1, 3 (C.A.A.F. 2017)). Because this issue is before us pursuant to a government appeal, we "may act only with respect to matters of law." Article 62(b), UCMJ. We are limited to determining whether the military judge's factual findings are clearly erroneous or unsupported by the record. *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004).

This court reviews a military judge's decision on the admission of evidence for an abuse of discretion. *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013) (citation omitted). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *Id.* (quoting *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010)). "The military judge's findings of fact are reviewed under a clearly erroneous standard and conclusions of law, de novo." *White*, 69 M.J. at 239 (citing *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995)).

## B. Exclusion of the Evidence

### 1. Law

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of a consequence in determining the action." Mil. R. Evid. 401.

Relevant evidence is admissible unless the following provides otherwise: "(1) the United States Constitution as it applies to members of the Armed Forces; (2) a federal statute applicable to trial by courts-martial; (3) these rules; or (4) this manual." Mil. R. Evid. 402(a). "Irrelevant evidence is not admissible." Mil. R. Evid. 402(b).

The relevance standard as set forth in Mil. R. Evid. 401 is a low threshold. *United States v. Roberson*, 65 M.J. 43, 46 (C.A.A.F. 2007); *United States v. Reece*, 25 M.J. 93, 95 (C.M.A. 1987) (citation omitted).

Article 134, UCMJ, criminalizes the possession, receiving, viewing, producing, and distributing of child pornography if knowingly and wrongfully done under circumstances that either were to the prejudice of good order and discipline or of a nature to bring discredit upon the armed forces. *See Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*), pt. IV, ¶ 95.

"'Child pornography' means material that contains either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of an actual minor engaging in sexually explicit conduct." *See* 2019 *MCM*, pt. IV, ¶ 95.c.(4).

"The Article 134 offense of child pornography is broader than the federal and state statutes . . . and extends to visual depictions of what appear to be minors. That is, the images that may not actually involve minors, but either resemble or are staged to appear so." *See* 2019 *MCM*, pt. IV, ¶ 95.c.(1); *cf. Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) (holding the criminalization of possession and distribution of certain "virtual" images neither obscene nor produced by the exploitation of actual children was in violation of the First Amendment[3]).[4]

The language "what appears to be a minor" relates to the difference between an actual minor, involving a real person, vice a virtual minor, not involving a real person. *See* 2019 *MCM*, App. 17, at A17-16*; see also United States v. Forney*, 67 M.J. 271, 275 (C.A.A.F. 2009); *United States v. Brisbane*, 63 M.J. 106, 116 (C.A.A.F. 2006); *United States v. Roderick*, 62 M.J. 425, 429 (C.A.A.F. 2006); *United States v. Reeves*, 62 M.J. 88, 96 (C.A.A.F. 2005); *United States v. Mason*, 60 M.J. 15, 19 (C.A.A.F. 2004); *United States v. O'Connor*, 58 M.J. 450 (C.A.A.F. 2003).

### 2. Analysis

In civil cases, summary judgment is a commonly used tool for the "laudable purposes of isolating and disposing of factually unsupported claims and defenses preventing vexation and delay, expediting disposition of cases, and avoiding unnecessary trials when no genuine issue of material fact exists."[5] However, no such comparable tool exists in the military justice system.[6] In other words, there is no legal basis for a military judge to review the

---

[3] U.S. CONST. amend. I.

[4] Though prosecution of civilians for this conduct has constitutional implications, such is not necessarily the case with servicemembers. It is well-established that court-martial convictions for possession of virtual images of child pornography (images not involving real people) can be legally sufficient where charged and proven that the conduct was to the prejudice of good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces under clauses 1 or 2 of Article 134, UCMJ. *United States v. Forney*, 67 M.J. 271, 274 (C.A.A.F. 2009); *United States v. Brisbane*, 63 M.J. 106, 116 (C.A.A.F. 2006); *United States v. Mason*, 60 M.J. 15, 19 (C.A.A.F. 2004).

[5] Major Michael J. Davidson, A MODEST PROPOSAL: PERMIT INTERLOCUTORY APPEALS OF SUMMARY JUDGMENT DENIALS, 147 Mil. L. Rev. 145 (Winter, 1995) (footnotes omitted).

[6] R.C.M. 907 permits dismissal of a specification when it is defective or multiplicious. R.C.M. 917(a) permits a military judge to grant a motion for finding of not guilty if the evidence is insufficient to sustain a conviction of the affected offense at any time after the evidence on either side is closed but prior to entry of judgment.

prosecution's anticipated-to-be-offered evidence pretrial, proceed to make a factual determination that the evidence would not be sufficient to sustain a conviction, and cut off the Government's ability to proceed to a trial. Here, understanding this, the military judge did not rule that the evidence was insufficient to sustain a conviction and find Appellee not guilty of the charged offenses. Rather, the military judge ruled that the images and videos were irrelevant. He did so without further analysis, application, or reference to the relevancy standard. He, instead, focused on the definition of child pornography and after making his determination that the images and videos would not meet that definition, ruled that the images and videos could not be presented to the factfinder.

The parties focus their briefing to this court not on the relevancy misapplication, but rather on the military judge's finding of ambiguity in the terms "person" or "minor" as used by the President in the enumerated Article 134, UCMJ, offense. Neither of the terms "person" or "minor" are ambiguous. The military judge's conclusions to the contrary are erroneous. We reiterate this court's holding in *Carpenter* that anime-style images may be prohibited under Article 134, UCMJ, if they depict what appear to be children engaged in sexually explicit conduct that is obscene. *United States v. Carpenter*, No. ACM 38628, 2016 CCA LEXIS 15, at *29 (A.F. Ct. Crim. App. 14 Jan. 2016) (unpub. op.) (citation omitted); *see also United States v. Williams*, 553 U.S. 285, 288 (2008) (obscene sexually graphic or explicit material that violates fundamental notions of decency is not protected speech). The questions of whether those images are of persons or minors, and whether the depictions are obscene, are questions of fact with their determinations to be made by the factfinder at trial.

Through that lens, we focus on the legal basis for the military judge's exclusion of the charged 33 images and videos. We do so mindful that "[t]he military judge's findings of fact are reviewed under a clearly erroneous standard and conclusions of law, de novo." *White*, 69 M.J. at 239. Relevance is a prerequisite to the admission of all evidence. Relevancy has two components: whether the evidence has any tendency to make a fact more or less probable than it would be without the evidence; and whether the fact is of a consequence in determining the action. Mil. R. Evid. 401. Here, these images and videos were clearly relevant. Appellee is charged with possession, viewing, and distribution of child pornography. The Government contends that the 33 images and videos are the depictions which Appellee possessed, viewed, and distributed. At trial, the factfinder will need to resolve the factual question of whether these specific depictions constitute either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of an actual minor engaging in sexually explicit conduct. It will be the military judge's function to explain what these terms mean through the instructions, but it is the factfinder's function to resolve this question. Therefore, the depictions are highly probative of

whether Appellee committed the charged offenses. This is true however the depictions are seen. If they do constitute child pornography, then it is more probable that he committed the charged offenses. If they do not constitute child pornography and the Government's theory is these are the alleged illegal depictions, then it is less probable that he committed the charged offenses. Either way, the military judge's determination that these depictions were irrelevant was clearly erroneous, and therefore an abuse of discretion.

### III. CONCLUSION

The appeal of the United States under Article 62, UCMJ, is **GRANTED**. The military judge's ruling excluding evidence of the 33 charged images and videos is **REVERSED**.

The record is returned to The Judge Advocate General for remand to the Chief Trial Judge, Air Force Trial Judiciary, for action consistent with this opinion.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court